## N. Y. COMMON PLEAS.

HENRY COULTER agt. ISRAEL BOWER *et al.*

*Practice in foreclosure cases — Complaint — What should be alleged in — Allegation of default in performance of condition of bond necessary.*

In an action for the foreclosure of a mortgage, where the complaint alleges the giving of a bond, there must be an allegation of default in the performance of the condition of the bond.

*Special Term, October,* 1882.

Coulter agt. Bower *et al.*

*George W. Stevens,* for plaintiff.

*Edward M. Shephard,* for defendant.

VAN BRUNT, *J.*—The complaint in this action is for the foreclosure of a mortgage, and alleges the giving of a bond conditioned for the payment of $5,450 on the 1st day of May, 1861, with interest thereon at the rate of seven per cent per annum, and, as collateral security for the payment of such indebtedness, the execution and delivery to the plaintiff of a mortgage upon certain premises in the complaint described, and that the said mortgage contained the same condition as the said bond, and in default of payment of the said sum of money or the interest that might accrue thereon or any part thereof, the plaintiff was thereby empowered to sell, &c.; that the mortgage was recorded, and that there is now justly due to the plaintiff upon said bond and mortgage the sum of $5,450, together with interest thereon from the 1st day of May, 1861.

The defendant in this action has demurred to said complaint upon the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action.

The defect complained of is that there is no allegation of default in the performance of the condition of the bond.

It is urged upon the part of the plaintiff in support of the complaint that if the facts set forth are sufficient for the statement of an indebtedness, the cause of action is complete, and that upon the trial, in order that the plaintiff should make out a case in the first instance no other proof would be required than the bond and mortgage themselves, and the evidence of their execution; that the plaintiff is not required to allege any more in his complaint than he will be obliged to prove in order to make out a *prima facie* case upon the trial.

This proposition is undoubtedly true, but the fact that without any denial of the execution of the bond and mortgage it would be necessary for the plaintiff to produce the bond and mortgage upon the trial goes to show that the proper allega-

tions are not contained in the complaint. The fact of the possession of the bond and mortgage by the plaintiff has been held to be evidence and proof that there has been a default in the condition of the bond, if the bond upon its face is overdue, and the failure to produce the bond upon the trial in the absence of any evidence going to excuse its non-production, has been held to entitle the defendant to judgment because of the failure upon the part of the plaintiff to prove that there has been a default in the performance of the condition of the bond.

It might be very true that if a suit was brought upon the bond alone that an allegation of default would be unnecessary to entitle a party to a recovery where the bond had become due by its terms; but in an action to foreclose a mortgage, the suit is not upon the bond, but to enforce a collateral, and the collateral can only be enforced in case of the failure to perform the condition of the bond; and the rule governing pleadings in regard to contracts is, that if the contract is alleged to be broken, the breach must be averred. This is elementary law, and the contract or mortgage between the mortgagor and the mortgagee is only broken in default of the performance of the condition of the bond, and that breach must be alleged in order that the mortgagee may enforce the security which has been given to him to be enforced only upon breach of its condition.

I am of the opinion, therefore, that the demurrer is well taken, and that the complaint is fatally defective in not alleging the breach in the condition of the bond.

The plaintiff, however, may have leave to amend, upon payment of the costs of the demurrer.