(62 App. Div. 503.)

### HARVEY v. TRUBY et al.

(Supreme Court, Appellate Division, Fourth Department. June 4, 1901.)

MORTGAGES—FORECLOSURE—COMPLAINT—MATURITY OF BOND.

    Where a complaint in foreclosure alleged that the mortgage had been given to secure a bond, and that the mortgage had fallen due and not been paid, but it was not alleged that there was any default in the payment of the bond, the complaint was demurrable.

Appeal from Erie county court.

Suit by Adelbert J. Harvey, as trustee of the Buffalo & Troy Land-Mortgage Syndicate, against Fred Truby and others. From a decree overruling a demurrer to the complaint, complainant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Thomas A. Sullivan, for appellants.
Clark H. Timerman, for respondent.

RUMSEY, J. The action was brought to foreclose a mortgage. The appellants interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled by the county court, and an interlocu-

tory judgment was entered for the plaintiff, and from that judgment this appeal is taken.

The allegation of the complaint is that the mortgage in suit provided for the payment of the sum of $19,103.30, with interest from the 19th of December, 1892, in three equal annual payments, with interest from the date of the mortgage. There was a further allegation that the plaintiff was the owner of the bond and mortgage; that the mortgage had become due on the 19th of December, 1895, and had not been paid; and the relief asked was that the mortgage be foreclosed. It was alleged in the complaint that the mortgage had been given as collateral security for a certain bond, but there was no allegation as to the amount of the bond or the terms of its payment, and there was no suggestion that the bond had ever become due, or that there had ever been any default in its payment. This is a fatal defect in the complaint, for which the demurrer should have been sustained. In an action to foreclose a mortgage like this, which has been given as collateral security for a bond, and where the indebtedness arises upon the bond, the bond is the principal security, and the collateral can only be enforced in case of the failure to perform the conditions of the bond; and the rule is that a breach of the bond must be averred. In such a case the contract or mortgage between the parties is only broken in default of the performance of the condition of the bond, and that breach must be alleged in order that the mortgagee may enforce the security which has been given to him, to be enforced only upon breach of its condition. Coulter v. Bower, 64 How. Prac. 132; Cornelius v. Halsey, 11 N. J. Eq. 28. In the last case it was said that the mortgage was merely security for the debt, and cannot be separated from it. The complainant is not entitled to a decree upon the mortgage unless he is entitled to the payment of the debt which the mortgage is given to secure; and therefore it must be made to appear in such cases, before the plaintiff can foreclose his mortgage, that the debt which it was given to secure is unpaid. The precise question seems to have been determined in the case of Ryan v. Holliday, 110 Cal. 335, 42 Pac. 891, where it is held that, in an action to foreclose a mortgage securing a note, the breach of the contract to pay the note is the essence of the cause of action, and must be alleged, and a failure to allege nonpayment of the note is fatal to the cause of action.

Other objections are made to the complaint, which we do not think are well taken; but, for the reasons stated above, we conclude that the demurrer was well taken, and the interlocutory judgment overruling it should be reversed, and judgment given for the demurring defendants upon the demurrer, with costs, with leave to the plaintiff to amend the complaint within 20 days upon payment of costs. All concur.