ANNIE D. MOREHOUSE, ADMINISTRATRIX, *vs.* JOHN I.
THROCKMORTON ET UX.

Third Judicial District, Bridgeport, Oct. Term, 1899.   ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

| 72 | 449 |
| 73 | 5 |
| 73 | 7 |
| 73 | 16 |
| 73 | 374 |
| 72 | 449 |
| 77 | 383 |

The abolition of all forms of action, effected by the Practice Act, has
modified to some extent the common-law rules of pleading for de-
termining what is material and what is a defect of form rather than
of substance.

While it is usual to allege that the debt for which a recovery is sought
was unpaid at the commencement of the action, the omission of
such an averment is not ground for motion in arrest, if facts sufficient
to uphold the judgment have been substantially put in issue and
found.

In an action to recover for professional services and disbursements, the
complaint failed to allege that the balance claimed, as shown by the
bill of particulars, was due and unpaid at the commencement of
the suit.   The defendant denied the truth of the matters alleged in
the complaint and bill of particulars, except the items of credit,
which were admitted.   Upon this issue the plaintiff had a verdict.
*Held* that the trial court properly overruled the motion in arrest of
judgment.

Argued November 1st — decided November 28th, 1899.

ACTION to recover for professional services, and for money
paid, laid out and expended by the plaintiff's intestate, brought
to the Superior Court in Fairfield County and tried to the
jury before *Ralph Wheeler, J.;* verdict and judgment for
the plaintiff, and appeal by the defendant for alleged error
of the court in overruling his motion in arrest of judgment
because of the claimed insufficiency of the complaint.   *No
error.*

The complaint is as follows: "1. On or about January 1st,
1896, the defendant owed John L. Morehouse, then in full
life, $2,000, for money paid, laid out and expended for the
defendant, and for work performed and professional services
rendered to the said defendant by the said John L. More-
house.   2. On or about January 1st, 1896, the said John L.
Morehouse died, leaving no last will and testament.   3. On

the 19th day of January, 1898, the plaintiff was appointed administratrix upon the estate of the said John L. Morehouse, and duly qualified as said administratrix. The plaintiff claims $3,500 damages."

A bill of particulars was filed, which contains detailed charges for a lawyer's services extending over a period of about five years, amounting in the whole to $2,504.76, including consultations and correspondence with the defendant; and detailed credits for payments on account of such services extending over the first four years, showing the amount due and unpaid on January 1st, 1895, to be $1,858.65.

The answer is as follows: " The defendant denies the truth of the matters contained in the plaintiff's complaint and bill of particulars, except the items of credit, which are admitted."

After verdict for the plaintiff the defendant filed a motion in arrest of judgment for the following reasons: " 1. That the plaintiff's complaint and matters therein contained are insufficient in the law to warrant any judgment to be rendered thereon in favor of the plaintiff. 2. Because the complaint avers that on or about January 1st, 1896, the defendant owed John L. Morehouse, then in full life, $2,000, and it does not aver that the same was due and unpaid, or that the same has not been paid."

This motion was overruled, and judgment rendered for the plaintiff. The appeal assigns for error the refusal of the court to arrest judgment for the reasons stated.

*Curtis Thompson* and *James W. Thompson*, for the appellant (defendant).

*John C. Chamberlain*, for the appellee (plaintiff), was stopped by the court.

HAMERSLEY, J. At common law the declaration must allege not only facts sufficient to show a right of action in the plaintiff, but also facts sufficient to show a right to recover in the particular form of action selected; and must contain

all allegations deemed necessary to a complete legal state-
ment of a cause of action enforceable through that form.
Many of the rules which had become settled under this sys-
tem of pleading were rendered obsolete by the abolition of
all forms of action. Now there is but one form of action
(with certain statutory exceptions) to enforce any right;
and it is only essential for a complaint or statement of claim
to give "a plain and concise statement of the material facts"
requisite to support any right in the plaintiff to have the
relief demanded. Practice Act, §§ 1, 9; *Craft Refrigerating
Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 564;
*Jacobs* v. *Holgenson*, 70 id. 68, 72; *Metropolis Mfg. Co.* v.
*Lynch*, 68 id. 459, 469.

In the case at bar the allegations are to be found both in
the complaint and in the bill of particulars which is a part of
or amendment to the complaint. *Vila* v. *Weston*, 33 Conn.
42, 47; Rules under the Practice Act, Rule II, § 1. They
substantially, although informally and somewhat blindly, set
forth (1) that John L. Morehouse, from February, 1890, to
May, 1895, rendered the defendant services as specified and
of the value stated; (2) that said services were accepted by
the defendant and in part paid for by the credits as stated;
(3) that said Morehouse died January 1st, 1896, and the
defendant then owed him for said services the amount due
and unpaid, to wit, $1,858.65; (4) that on January 19th,
1898, the plaintiff was appointed administratrix on the intes-
tate estate of said Morehouse, and duly qualified.

This states a cause of action; not the action upon an express
(fictitious) promise for which the common count was used,
for such an action ceased to exist when the common count
disappeared; but an action to enforce the legal duty to pay,
arising from the facts of the rendition and acceptance of the
services. *New York Breweries Corp.* v. *Baker*, 68 Conn. 337,
342. The answer untruthfully denies each of the allegations,
and inconsistently admits the rendition and acceptance of the
services to the extent of the credits as stated. These plead-
ings, however defective in form, presented to the jury sub-

Morehouse *v.* Throckmorton.

stantial issues, and a decision of those issues for the plaintiff entitled her to the judgment rendered.

It is true, under the modern system as under the ancient, that relief can be granted only in pursuance of facts alleged and proved. But the rules as to material allegations which grew out of the necessity of alleging every cause of action in conformity with the requisites of some technical form of action, have become inoperative; and so the tests of what is material and what is a defect of form rather than of substance, are now somewhat different. The defects pointed out by the defendant are not substantial. It is not essential to allege that the debt due remained unpaid at the commencement of the action. Such allegation is usually made and is to be found in the forms that by rule of court may safely be used, but whose use is not prescribed. Payment is an affirmative defense, and such defense the plaintiff is not required to anticipate. Rules under the Practice Act, Rule IV, § 6; *Salisbury* v. *Stinson*, 10 Hun, 242; *Keteltas* v. *Myers*, 19 N. Y. 231; *Plumb* v. *Curtis*, 66 Conn. 154, 174. Even when a statute requires an allegation that the debt "remains unpaid," an allegation that the defendant "is indebted to the plaintiff" has been held sufficient. *Jaqua* v. *Cordesman & Egan Co.*, 106 Ind. 141; *Brickey* v. *Irwin*, 122 id. 51.

The defendant is right in saying that the failure to allege the breach of an express contract on which suit is brought, may be a defect of substance and fatal after verdict. But this action is not brought on the breach of an express contract. The plaintiff's right is not derived from any express promise; it is derived from a legal duty arising from the facts stated. It is needless to allege any duty which the law implies from the facts pleaded; Rules under the Practice Act, Rule III, § 5; and the plaintiff's allegations necessarily involve the claim that that duty has not been performed. A court cannot refuse to comprehend the meaning of facts alleged. *Lord* v. *Russell*, 64 Conn. 86, 87.

It is the purpose of the Practice Act to secure the utmost simplicity and freedom from mere technical form consistent with the accuracy indispensable to judicial proceedings. But

all facts essential to the relief asked must be stated ; and they should be stated in an orderly and clear manner, with reasonable certainty, and with fullness sufficient to fairly apprise the opposite party of the case he has to meet. The court will enforce such pleading, if opportunity is given. But if parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.