(90 App. Div. 585.)

### CONKLING v. WEATHERWAX et al.

(Supreme Court, Appellate Division, Third Department.   January 6, 1904.)

1. ACTION TO ESTABLISH LIEN OF LEGACY—BURDEN OF PROOF.
> Whether an action to establish the lien of a legacy and to decree the sale of land for its satisfaction is an ordinary suit in equity or an action under Code Civ. Proc. § 1819, which provides that it can only be maintained after demand and refusal of payment, it is incumbent on plaintiff to prove that the legacy is a subsisting lien, and remains unpaid.

2. SAME—EVIDENCE OF PAYMENT OF LEGACY—COMPETENCY.
> In an action to establish the lien of a legacy as against the devisee's mortgagee, declarations of the devisee are incompetent to prove nonpayment of the legacy.

**3. SAME.**

In an action to establish the lien of a legacy, mere proof of demand of payment of the legacy is no proof of actual nonpayment thereof.

Smith, J., dissenting. ·

Appeal from Special Term, Rensselaer County.

Action by Clarissa Weatherwax Conkling against John T. Weatherwax and others to establish the lien of legacies and to obtain a sale of land for their satisfaction. From a judgment in favor of plaintiff, and of defendant Emily A. Tompkins, entered on a decision of the court, defendant Hannah M. Hidley appeals. Reversed.

Argued before PARKER, C. J., and SMITH, KELLOGG, CHASE, and HOUGHTON, JJ.

Buchanan, Lawyer & Whalen, for appellant.
Henry D. Merchant, for respondent Conkling.
Abel Merchant, Jr., for respondent Tompkins.

HOUGHTON, J. The Court of Appeals in its decision of this case (173 N. Y. 43, 65 N. E. 855) has eliminated all questions arising therein except the one growing out of the second trial as to whether it was necessary for the plaintiff to prove that her legacy remained unpaid, and, if that burden was upon her, whether she proved that fact by competent evidence. By the will of Henry Weatherwax, deceased, the legacies to plaintiff and to her sister Emily A. Tompkins, respondent herein, were made a lien upon the farm devised to Charles Weatherwax, who is now deceased. During his lifetime he mortgaged the premises to appellant Hidley. The lien of this mortgage is subordinate to that of the legacies the payment of which is sought to be enforced. The action is in equity to establish the lien of the legacies and to obtain a decree of sale of the land for their satisfaction.

We think it was incumbent on the plaintiff to prove as a part of her substantive cause of action that her legacy was a subsisting lien, and remained unpaid. If the action be deemed one under section 1819 of the Code of Civil Procedure, this is clearly so, for that section provides the action can be maintained only after demand and refusal of payment. If the action be considered an ordinary one in equity, the rule is the same. The plaintiff's position is not different in principle from that of a creditor seeking to charge heirs and devisees, to the extent of the property received by them, with the debts of their ancestor or testator. In such a case the plaintiff must aver and prove all the facts which make them liable under the statute, including lapse of time, nonpayment, and lack of assets, as well as receipt of property. Selover v. Coe, 63 N. Y. 438; Brater v. Hopper, 77 Hun, 244, 28 N. Y. Supp. 472. In ordinary actions at law for money, while breach must be alleged, payment is an affirmative defense, which must be pleaded and proved; but this rule does not relieve the plaintiff from proof of nonpayment where failure to pay is an essential element to the right of recovery. Lent v. New York & Mass. R. R. Co., 130 N. Y. 504, 29 N. E. 988. In an action against the guarantor of a mortgage it is incumbent on the plaintiff not only to aver, but to prove, that the mortgage guarantied has not been paid. Schlesinger v. Hex-

ter, 2 Jones & S. 499. The distinction in the rule as to proof of non-payment in equitable actions to enforce a lien and in ordinary actions for recovery of money is shown by the fact that in an action for the foreclosure of a mortgage given as collateral to a bond nonpayment upon the bond must be proved, while in an action on the bond alone this is unnecessary. Coulter v. Bower, 11 Daly, 203; Davis v. N. Y. Concert Co., 41 Hun, 492. In the present case the plaintiff seeks to enforce a collateral which the testator provided for the payment of her claim. The right to resort to the collateral depends upon whether there remains anything due her on her legacy. She is not suing the devisee because he became liable to pay her legacy by accepting the devise, nor is she seeking to enforce payment from his representative, for his representative, as such, is not a party to the action. Although the plaintiff now asserts that she was not obliged to prove nonpayment, yet on the trial she evidently recognized that this burden was upon her, for she sought to prove the fact by declarations of the devisee to the effect that the legacies had not been paid. While such declarations would have been competent against the devisee himself, and would be competent against his representatives were they made parties to the action, they were mere hearsay as against the devisee's mortgagee, this appellant, and were improperly received as against her. The declarations of an assignor of a mortgage, made while he was the owner, are inadmissible against his assignee to defeat his title or establish equities in favor of the mortgagor. Merkle v. Beidleman, 165 N. Y. 21, 58 N. E. 757. Such declarations must be equally inadmissible to establish the existence of a lien prior to that of his mortgagee, or to enlarge its amount. If the plaintiff has a lien existing and prior to that of the mortgage of the appellant, she must establish it by common-law evidence aside from such declarations. The nonpayment of the legacy being a fact incumbent upon the plaintiff to prove, evidence upon that subject was material, and appellant's objection to such declarations as against herself was well taken. Mere proof of demand of payment was no proof of actual nonpayment. There being no other evidence of nonpayment in the case other than these inadmissible declarations, it follows that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. The judgment being reversed, the order appealed from becomes inoperative, and the appeal therein should be dismissed, without costs.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur, except SMITH, J., dissenting, and CHESTER, J., not voting.