JOSEPH ARCHAMBEAULT *vs.* LOUIS JAMELLE ET AL.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Conduct of counsel in calling the attention of the jury to matters outside of the evidence, though unbecoming and reprehensible, offers no basis for setting aside the verdict if the jury were not likely to be misled or prejudiced thereby and were carefully cautioned by the court to consider only the evidence before them, and especially if, as in the present case, opposing counsel did not apparently deem the matters of sufficient importance to forthwith move for an

Archambeault *v.* Jamelle.

immediate dismissal of the jury from further consideration of the case, that being the proper time and method to raise the objection, rather than to first take the chance of a favorable verdict by the jury.

The trial court, having correctly charged the jury as to the general rule of burden of proof, added that "what is meant by a fair preponderance of evidence is the same as in outside, everyday, ordinary life." *Held* that this explanatory addition to the general statement of the rule in no way detracted from its correctness.

Under our practice, an allegation of nonpayment, though usually made, is not essential in a complaint upon an alleged indebtedness; and even those States, including New York, which require such an allegation, hold as we do, first, that the defense of payment must be specially pleaded (Pr. Bk., p. 291, § 200) and, second, that the burden of proof under a plea of payment is on the defendant.

The cases of *Hartford* v. *Mechanics Savings Bank*, 79 Conn. 38, and *Hartford* v. *Pallotti*, 88 Conn. 73, explained and distinguished.

Argued April 8th—decided June 2d, 1924.

ACTION to recover for services rendered as a grocery clerk, brought to the District Court of Waterbury and tried to the jury before *Makepeace, Deputy Judge;* verdict and judgment for the plaintiff for $1,047, and appeal by the defendants.　*No error.*

*Vincent A. Scully*, with whom, on the brief, were *Charles W. Bauby* and *John H. Cassidy*, for the appellants (defendants).

*William K. Lawlor*, for the appellee (plaintiff).

KEELER, J. The complaint in the action consists of the common counts, with a bill of particulars added claiming performance of services by the plaintiff as a clerk for defendants for the period of thirty-nine weeks from May 16th, 1921, to February 11th, 1922, at $33 per week, with a credit of fourteen payments at various times aggregating $312.72 and leaving a balance due of $974.28 with interest.

Defendants answered as follows: "ANSWER. The

defendants deny that they are indebted to the plaintiff in the amount claimed under the bill of particulars, or in any amount whatever. SPECIAL DEFENSE. The defendants claim that any services rendered by the plaintiff as claimed in bill of particulars, if rendered, were fully paid for by defendants, in weekly payments." Plaintiff's reply denies the allegations of the special defense.

Plaintiff claimed to have proved that he worked for defendants at an agreed wage of $33 per week upon a motortruck stocked with groceries, from which car sales and immediate deliveries were made, known as the Rolling Grocery, from May 16th, 1921, to January 1st, 1922, when the truck was laid up for the winter, and thereafter until February 11th, 1922, at the defendants' store in Waterbury, and was on February 12th, 1922, discharged by defendants; that his wages were not paid regularly each week, but upon various dates stated in the bill of particulars, with a total payment of $312.72, and that at the termination of his employment there remained due and unpaid $974.28; and that from time to time plaintiff made request for wages due, and after his discharge placed his claim with an attorney for collection.

The defendants claimed to have proved that plaintiff was engaged at a salary of $20 per week; that he was paid weekly except on one occasion when he failed to appear on pay day, and was later paid for two weeks; that he was paid in cash, except on certain occasions when groceries furnished to his mother were credited on the account; that defendants discharged plaintiff for failure to properly perform his duties, and at that time he was fully paid in cash and a credit allowance for groceries; that plaintiff did not claim or demand payment of his claimed wages until suit was brought.

It was an admitted fact in the case and was so stated

to the jury in the charge, that plaintiff did work for the defendants, with the exception of some days out for illness, during the times alleged in the complaint.

During the argument of Mr. Bauby of counsel for defendants, reference was made to the domestic affairs of the plaintiff, and that the latter had claimed that it was necessary to supplement the money he had received from defendants by withdrawals from his savings-bank account, but that the pass-book was not in evidence. Whereupon, plaintiff's attorney, who was sitting at the counsel table next to his client directly in front of the jury and approximately ten feet from the jury box, turned to his client and whispered to him. The client drew a book from his coat pocket, gave it to Mr. Lawlor, who then placed it on the counsel table in full view of the jury, where it remained during the balance of the trial. Mr. Cassidy, associate counsel for defendants, objected to this conduct in the presence of the jury. Mr. Lawlor had previously offered the bank-book in evidence, but it was excluded on objection of the defendants.

One of the claims of the defendants which was presented by cross-examination of the plaintiff and the direct examination of the defendants and in argument to the jury, was the failure of the plaintiff to make demand for the payment of his wages, and the unexplained delay in bringing civil action for the recovery of wages. During his final argument to the jury, while discussing this phase of the case, Mr. Lawlor said to the jury: "They say that they don't owe this money because we delayed in bringing suit. We had a good reason for not bringing this suit before we did, and Mr. Bauby (turning to and facing him) knows what it is, if he would only tell you." There was no evidence introduced to show that Mr. Bauby had any knowledge of the reason for the delay in bringing the action.

Mr. Cassidy called the court's attention to the fact that this was not within the evidence.

After each of these interruptions of argument the court admonished counsel and directed the jury to consider only the evidence properly before them. The court further in its charge made reference to the duty of the jury to consider only the facts before them. In doing so in its charge the court said to the jury: "In your consideration you should not take in mind either the personality of counsel or their conduct of the trial, but look through counsel to the parties actually involved, to the facts already presented to your mind for credibility."

After verdict and judgment for plaintiff to recover $1,047.34 and costs, the defendants moved for a new trial because of the misconduct of plaintiff's counsel during the argument as above recited, since thereby the jury must have been prejudiced against defendants, and could have drawn conclusions by considering matters not before it in evidence, whereby defendants had been deprived of a fair and impartial trial. This motion was denied by the court, and its denial is assigned as error in the reasons of appeal.

The conduct of counsel with reference to the production of the book was a piece of unbecoming and reprehensible swagger, and merited and received the admonition of the court, and the jury was warned with reference to it, at the time and in the charge. In view of this fact, and also that the incident came about through the statement of Mr. Bauby that while withdrawals from the bank had been claimed the bank-book was not in evidence, when he knew and the jury knew that the book had been offered in evidence and had been excluded on objection by defendants, we hardly think that the jury were misled to the detriment of defendants, or probably drew any conclusion other

than that both counsel were transcending the proprieties of courteous advocacy and fair discussion.

The fact as to delay in bringing the action had been brought out in evidence, and was a matter of legitimate comment in argument on behalf of defendants as characterizing plaintiff's conduct with reference to his claim, and the remarks of Mr. Lawlor quoted above in his answering argument are the subject of just censure equally with his conduct with reference to the pass-book; but we fail to see how the jury would have been likely to have been prejudiced thereby, or led into a field of vague conjecture as suggested in defendants' brief. We think that the action of the trial judge was sufficient to avert any harm to defendants in the consideration of the jury on account of these incidents, especially in view of the fact that it does not appear from the finding that defendants' counsel considered the matters of sufficient importance to then move for a dismissal of the jury from further consideration of the case. That was the proper time and method, rather than to first take the chance of a favorable verdict by the jury. There was no reversible error in the denial of the motion for a new trial.

Defendants presented to the court the following request to charge the jury: "In order to be entitled to a verdict the plaintiff must prove by preponderance of evidence all of the material allegations of his complaint; the material allegation of the complaint which it is necessary that the plaintiff should prove is that he was employed by both defendants to work for them for $33 a week, to be paid weekly, and that he has not been paid this sum in full and that there is owing to him a balance of $974.28." This request it will be observed covers generally the topic of preponderance of evidence, and then embraces the extent of the burden of proof assumed by the plaintiff under the

pleadings. Regarding preponderance of evidence the court charged as follows: "In any case the burden is upon the person making a material allegation to prove that allegation by a fair preponderance of evidence. What is meant by a fair preponderance of evidence is the same as in outside, everyday, ordinary life; that is, a weighing of the evidence so that it swings toward a fact that is to be proven. If such a party does not establish such a fact, in other words, if the evidence is equal, if it is a material fact, then he has failed to establish his case."

The following instructions were given as regards burden of proof: "There is no question but that the plaintiff did work for the defendants, with the exception of some days out for illness, during the times alleged in the complaint.

"The plaintiff alleges, and the whole course of the trial has been such as to define his allegations, that there was an agreement entered into between the parties here under which the plaintiff worked at the rate of $33 a week for the defendants.

"It is admitted by the plaintiff that there was paid to him the sum of $312.72, and his claim is for the balance of $974.28. Under any view of the case, to that amount, plus interest at six per cent from the date of demand, your verdict must be limited. . . .

"The material facts alleged by the plaintiff in this case, and which must be proved by him by a fair preponderance of the evidence, are reduced to this fact, which must be proved by the plaintiff by a fair preponderance of the evidence, that the defendants agreed to employ him during the period specified, at a wage of $33 per week. . . .

"The defendants filed an answer which is in effect a general denial. If the defendants had stopped at that point the whole burden of the proof of an agreement

at the rate of $33 per week would be upon the plaintiff, but the defendants go on and set up a special defense wherein they allege that the indebtedness was duly paid for in weekly payments. It is incumbent then upon the defendants to prove that such services were fully paid for by the defendants in weekly payments."

The refusal to give the instruction asked for by defendants, and the instructions of the court as given, are assigned as error in the defendants' reasons of appeal. So far as the portion of the request and the charge as actually given are concerned, we note that the first sentence of the request and the first sentence of the instruction as given are in purport and effect the same. The objection of defendants relates to its second sentence, wherein it is observed that the legal meaning of preponderance in law is the same that obtains as in ordinary, everyday, outside life. This explanatory addition to the general statement of the rule in no way detracts from its correctness, and does not constitute error.

The remaining reasons of appeal assign error in connection with the trial court's action in charging and failing to charge in regard to the burden of proof arising upon the pleadings from the plea of payment in defendants' answer. In brief and argument defendants contend that upon the pleadings it was necessary for plaintiff to prove: (1) employment at $33 per week; (2) work performed for the period alleged; (3) payment to him of $312.72 and a balance due of $974.28. In their request to charge they ask an instruction that the plaintiff was bound to prove employment by defendants at $33 per week payable weekly, nonpayment of this sum in full and a balance due of $974.28.

This claim on the pleadings is made apparently as a

statement of the law of the issues arising upon the answer aside from the special defense. The first part of the answer is said by the trial court to be in effect a general denial, was so regarded by the parties in argument, and in our discussion we will assume it to be such. The period of labor is not a matter of dispute; the court so stated and the fact is abundantly established from a consideration of the claimed proof of both parties. The defendants' request asks for no charge upon that point. It was not disputed, and no reference thereto was needed for proper instruction of the jury upon the issues. The fact of the payment of $312.72 is proved by the admission of the credit of that amount in the bill of particulars, as the court properly told the jury. The plaintiff without amendment could not prove a less sum. We are thus brought back to the effect of the plea of payment and the correctness of the charge of the court with reference to the same. What the court said, in effect, was that if the jury found an agreement to pay $33 per week, and service for thirty-nine weeks (which latter it was obliged to find from the undisputed facts), it was incumbent on the defendants to prove that such services were paid for in weekly payments.

The vital controversy between the parties is, then, the effect of the plea of payment, and the burden of proof established thereunder. Payment if claimed must be specially pleaded. Practice Book, § 200, p. 291; *Morehouse* v. *Throckmorton*, 72 Conn. 449, 452, 44 Atl. 747; *Prince* v. *Takash*, 75 Conn. 616, 618, 54 Atl. 1003; *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 697, 89 Atl. 909. In *Morehouse* v. *Throckmorton, supra,* the court says: "It is not essential to allege that the debt due remained unpaid at the commencement of the action. Such allegation is usually made and is to be found in the forms

that by rule of court may safely be used, but whose use is not prescribed. Payment is an affirmative defense, and such defense the plaintiff is not required to anticipate."

In a few States, as in New York, the allegation of nonpayment is required, apparently for the sake of logic and symmetry in pleading, but a general denial does not put the fact in issue nor throw any burden of proof on the plaintiff. See *Lent* v. *New York & M. Ry. Co.*, 130 N. Y. 504, 29 N. E. 988, where the court says: "In an action upon an alleged indebtedness an allegation . . . of nonpayment is essential. This is not affected by the rule that payment must be pleaded as an affirmative defense, and cannot be proved under the general issue, but the rule simply modifies the general rule of pleading so that the averment of payment is not put in issue by a general denial." Also: "In ordinary actions of law for money, while breach must be alleged, payment is an affirmative defense which must be pleaded and proved." *Conkling* v. *Weatherwax*, 90 N. Y. App. Div. 585, 86 N. Y. Supp. 139, affirmed in 181 N. Y. 258, 73 N. E. 1028. To the same effect is 21 R. C. L. p. 119, § 131.

The only cases in this jurisdiction where it has been held that payment may properly be shown upon a denial of nonpayment, are *Hartford* v. *Mechanics Savings Bank*, 79 Conn. 38, 41, 63 Atl. 658, and *Hartford* v. *Pallotti*, 88 Conn. 73, 77, 89 Atl. 1119. Both of these were actions to foreclose municipal liens, by complaints in which nonpayment was an essential foundation for the equitable relief sought, in that the cause of action arose not from the existence of the assessment but from its nonpayment.

In the instant case it appears that the issues really litigated were two: first, the rate of the agreed compensation as fixed by the contract of the parties, and second,

what payments had been made upon any claimed indebtedness. The charge of the court as adapted to these issues was adequate and correct.

There is no error.

In this opinion the other judges concurred.