PERCY N. FURBER, ADMINISTRATOR (ESTATE OF CORNELIA C. FURBER) *vs.* BERTHA C. TROWBRIDGE ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 3d—decided November 7th, 1933.

*Samuel Campner* and *Bernard P. Kopkind,* for the appellant (defendant).

*Samuel Reich* and *Philip Reich,* for the appellee (plaintiff).

BANKS, J.   The plaintiff's decedent lost her life as the result of injuries received in an automobile accident which occurred in the main street of Darien, which at the point of the accident is a concrete highway forty-five feet in width consisting of four panels, each nine feet wide, and four and one half foot shoulders of the same material, on each side.  As a motor truck going in an easterly direction was passing an automobile which was parked near the south curb of the street, the defendant's car, also going east, was in the act of passing the truck, while the car operated by plaintiff's decedent was approaching from the east. The driver of each car, in an attempt to avoid a col-

lision, swerved to the left, with the result that the car of plaintiff's decedent passed to the right of defendant's car and crashed into the truck. The plaintiff claimed to have proven that the truck was being operated close to the center of the street as it was passing the parked car, that the car of plaintiff's decedent was proceeding on its right-hand or the north side of the street, when defendant's car shot out from behind the truck at a distance of less than fifty feet upon the north side of the street, and headed in a diagonal direction toward the north curb, and that to avoid a collision decedent turned to the left in an attempt to pass between defendant's car and the truck, but that her car came into collision with defendant's car, causing the former to careen further to the left and into the truck. The defendant claimed to have proved that the truck was being operated in the most southerly lane of the highway, that as her car was passing the truck it was parallel with it and entirely on its right-hand or the south side of the street, that the car of plaintiff's decedent was approaching on its wrong side of the road, that to avoid a collision the driver of defendant's car turned to the left, and that there was no collision between the two cars but that plaintiff's decedent drove her car directly into the truck.

Defendant appeals from the denial of her motion to set aside the verdict. There was a sharp conflict in the evidence as to the operation of the two cars involved in the accident, and if the jury believed the version given by the plaintiff's witnesses, as they apparently did, it amply supported a conclusion that the driver of the defendant's car was negligent and plaintiff's decedent free from contributory negligence. Indeed, counsel for the defendant confine their argument upon this phase of the case largely to the claim

that the jury could not help being influenced by sympathy for the plaintiff, administrator, the husband of the deceased, who broke down and wept upon the witness stand. We cannot say that this natural display of emotion, as it appeared in the transcript of the plaintiff's evidence, was such as to require the trial court to set aside the verdict, otherwise justified by the evidence, on the ground that it was the result of sympathy aroused by the conduct of the plaintiff. *Woodward* v. *Waterbury*, 113 Conn. 457, 462, 155 Atl. 825.

Defendant also claims that the court erred in permitting the case to go to the jury after certain statements were made in the argument of counsel for the plaintiff which it is claimed were prejudicial to the defendant. In reply to the argument of defendant's counsel in which reference was made to the experience and ability of plaintiff's counsel in the trial of negligence cases, the latter, referring to defendant's counsel, said: "Whoever the interests were that hired him did not hire him because he wasn't able," or words of similar import. Counsel for the defendant excepted to this as an obvious attempt to suggest to the jury that an insurance company was defending the case, and the court instructed the jury to disregard the statement. If it be assumed that, after the attention of the jury was focused upon the statement by the exception taken by counsel, it would have suggested to them that the case was being defended by an insurance company, which is quite problematical, it is still a *matter of speculation* whether such fact, which jurors as well as the courts know is the rule rather than the exception, would have created any prejudice in their minds affecting their verdict. *Geraty* v. *Kaufman*, 115 Conn. 563, 575, 162 Atl. 33. A deliberate attempt by counsel to create a prejudice in the minds of the jury may justify the trial court in granting

a motion for a mistrial. Apparently counsel for the defendant did not consider the matter of sufficient importance to make such motion, but elected to wait and take the chance of a favorable verdict by the jury. Under such circumstances we would not be justified in disturbing the verdict of the jury when it is not apparent that the defendant has been prejudiced. *Archambault* v. *Jamelle,* 100 Conn. 690, 695, 124 Atl. 820; *Lebas* v. *Patriotic Assurance Co.,* 106 Conn. 119, 123, 137 Atl. 241; *Geraty* v. *Kaufman, supra.* The court did not err in refusing to set the verdict aside.

The second assignment of error, under the single claim that "the court erred in charging the jury as follows," recites extended quotations from different portions of the charge without pointing out the particular matter claimed to be erroneous. As we have frequently pointed out, such an assignment violates our rules of appellate procedure and would justify us in refusing to consider it. Rules for Appellate Procedure, § 15; *Ruocco* v. *Logiocco,* 104 Conn. 585, 588, 134 Atl. 73; *O'Neil* v. *Larkin-Carey Co.,* 106 Conn. 153, 157, 137 Atl. 721; *Quackenbush* v. *Vallario,* 114 Conn. 652, 655, 159 Atl. 893.

As developed upon the brief and in the argument, it appears that error is claimed, in this assignment, in the reference in the charge to the position of the truck, in which the court said that if the jury could place the truck in its proper position, that is, in the lane in which it actually was passing, much of the difficulty of the case would seem to disappear. The criticism of this portion of the charge is that it placed undue emphasis upon a single factor in the case, and was tantamount to instructing the jury that they might disregard other important factors, particularly the question of the contributory negligence of plaintiff's decedent. The criticism is not well taken. It does

appear from the finding that the location of the position of the truck was an extremely important question in the case, the decision of which might well be largely decisive of the issues, and it was well within the province of the court, and its duty, to direct the attention of the jury to a method of approach to the problem before them which would assist them in its proper solution. The language used by the court went no further than that, and did not authorize the jury to base their verdict solely upon their conclusion as to the location of the truck in disregard of other factors in the case.

Defendant complains that, while the court charged the jury as to the rules governing the conduct of plaintiff's decedent when confronted with an emergency, it failed to charge that the same rules applied in the case of the defendant. The court did specifically state to the jury, at the very end of the charge, that the same rules of law were applicable to the defendant in the meeting of an emergency as had previously been stated in the charge with reference to plaintiff's decedent. The court also made it clear that it was the duty of plaintiff's decedent as well as the defendant to obey the rules of the road.

In a number of assignments of error complaint is made that, while the court stated at length the facts upon which the plaintiff claimed to be entitled to a verdict, it failed to charge the jury as to a number of claims of proof that the defendant had made. The charge of partiality in the treatment of the claims of the parties is not borne out by a reading of the charge, which submitted the case to the jury fairly and impartially, and in a manner calculated to assist them in a clear understanding of the issues presented. There were no requests to charge and the failure to include specific instructions upon special features of the case

was not reversible error. *Reynolds* v. *Land Mortgage & Title Co.*, 114 Conn. 447, 159 Atl. 282.

There is no error.

In this opinion the other judges concurred.