## ELIZABETH A. CRONIN
vs.
## ELIZABETH T. CRONIN, EXTRX.

Superior Court    New London County       File #11988

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

Francis McGuire,              Attorney for the Plaintiff.

Robert Anderson,             Attorney for the Defendant.

### MEMORANDUM FILED DECEMBER 11, 1936.

O'SULLIVAN, J.  The defendant has demurred to the prayer of relief seeking an accounting.   The complaint, framed in two counts, is based upon **Section 5837 of the General Statutes,** the material portion of which reads as follows:

"When two or more persons shall hold estate as tenants in common, if one of them shall occupy, receive, use or take benefit of such estate in greater proportion than the amount of his interest in the principal estate, any other party may bring an action for an accounting, or for use and occupation against such person and recover such sums or value as shall be in excess of his proportion."

The nub of the present procedural controversy is that the defendant insists that no accounting may be had because the complaint fails to allege a demand therefor.

The statute is venerable with age, having been enacted in 1759, to remedy the defect in common law whereby one co-tenant could not sue the other for disproportioned use of the co-tenancy save in those instances where the occupying tenant had been appointed bailiff by the other.   Our statute, as originally passed, provided the sole remedy of an action of account.   In 1913, by **Chapter 181 of the Public Acts** of that year, additional relief was afforded in permitting an action of

assumpsit for use and occupation. However, the right to an accounting is still available, and under appropriate pleading and proof may be ordered.

While it is true that in **Sturgess vs. Bush, 5 Day 452,** it is stated that no demand need be alleged or proven to support an action for accounting, the later case of **Barnum vs. Landon, 25 Conn., 137,** takes a somewhat different view. Therein it is stated at Page 152, that an action of account will not ordinarily lie in situations analagous to that of the instant case until after demand and then only at reasonable periods.

See also **Southward vs. Smith, 27 Conn., 355; Archambault vs. Jamelle, 100 Conn., 690.**

The complaint fails to allege a demand or any facts from which it could be implied. It is stated in Paragraph 7 of the second count that a claim was presented, which might readily be construed as a demand but this claim, addressed to the executrix of the will of the co-tenant, was for use and occupancy and not for an accounting.

Accordingly the demurrer is sustained.