Elsie Ferino et al. *v.* Howard S. Palmer et al., Trustees of the New York, New Haven and Hartford Railroad Company

Maltbie, C.J., Brown, Jennings, Ells and Dickenson, Js.

Argued February 6—decided March 11, 1947

*Thomas J. O'Sullivan,* with whom was *Edwin H. Hall,* for the appellants (defendants).

*A. A. Ribicoff,* with whom was *George Miske,* for the appellees (plaintiffs).

JENNINGS, J. The plaintiffs, passengers in a roadster driven by Frederick Lange, were injured when it collided with a train at a grade crossing, brought suit against the defendants and had a verdict. The defendants appealed from the refusal of the trial court to set it aside and from the judgment.

The defendants have made an extended attack on the finding. They seek to eliminate numerous paragraphs on the ground that there is no basis for them in the evidence and to add many paragraphs from the draft finding filed by them as to facts claimed to have been proven by the plaintiffs. They are entitled to none of the corrections pursued on the brief as they would not materially affect the issues on appeal. The finding as made is sufficient to test the correctness of the charge and the defendants have not followed the proper procedure to secure additions to the plaintiffs' claims of proof. *Fitzgerald* v. *Savin,* 119 Conn. 63, 66, 174 A. 177; *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 180, 4 A. 2d 646; Conn. App. Proc. § 94, p. 126.

The plaintiffs offered evidence to prove and claimed to have proved the following facts: North Colony Street in Meriden runs east and west and is intersected at grade by three tracks of the defendants' railroad. The easterly track is the main line for northbound trains. There are two standard gates

at each side of the crossing. Lange drove toward this crossing from the east shortly before midnight with the two plaintiffs sitting at his right. He saw the crossing, looked to his left but saw no train approaching and saw that the gates were up. A map shows that he had fair visibility to his left. He was traveling fifteen to twenty miles an hour and slowed to ten miles as he began the slight upgrade to the crossing. As he reached the crossing, the two easterly gates were lowered onto the front of the car, an engine appeared on the easterly track going north and the car collided with the engine back of the cowcatcher.

The defendants claimed that the gates were down for some time before the train reached the crossing, that the northeasterly gate was smashed, that the engine bell was ringing, the headlight was lighted and the exhaust was making a loud noise and that the automobile collided with the middle of the train.

A Meriden police officer investigated the accident and was called as a witness by the defendants. He was asked the following questions on cross-examination:

"Q. Now, Mr. Aloia, you arrested Freddie Lange, didn't you? A. I did.

"Q. And you were in court when he was supposed to appear; is that correct? A. Yes, sir.

"Q. And the case was nolled, wasn't it?"

At this point the defendants' attorney objected to the question and moved for a mistrial, stating, in the absence of the jury: "Well, if Your Honor please, I suggest that the case of the railroad in this action is based on the negligence of the driver, and that he is the one that is at fault in this accident. That is our whole case." The motion was not granted and the defendants excepted. As far as appears the

court did not at the time or in its charge caution the jury on the point.

The question objected to apparently called for an affirmative answer, was irrelevant and improper and may have seriously prejudiced the defense. The defendants did not sit back and take the chance of a favorable verdict (*Furber* v. *Trowbridge,* 117 Conn. 478, 482, 169 A. 43) but made their motion at once. It is apparent from an examination of the record, particularly of the requests to charge, that the "whole case" of the defendants did in fact turn on their ability to persuade the jury that the negligence of Lange was the sole proximate cause of the accident. The question strongly implied that another properly constituted tribunal had held him blameless. The trial court has a wide discretion in passing on motions for mistrial and when the objectionable matter is suitably explained to the jury it is rare that reversible error is found. See *Lebas* v. *Patriotic Assurance Co.,* 106 Conn. 119, 122, 137 A. 241; *DeLucia* v. *Kneeland,* 108 Conn. 191, 193, 142 A. 742; *Weimer* v. *Brock-Hall Dairy Co.,* 131 Conn. 361, 367, 40 A.2d 277. The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated. *State* v. *Leopold,* 110 Conn. 55, 60, 147 A. 118; and see *Furber* v. *Trowbridge,* supra, 481. The jury would naturally assume that there was a factual basis for the question and have that thought in mind in their consideration of the case. See *State* v. *Joseph,* 96 Conn. 637, 641, 115 A. 85; *State* v. *Santello,* 120 Conn. 486, 181 A. 335. It is apparent from the record that plaintiffs' counsel was annoyed by

the attitude of the witness but neither provocation nor absence of a wrongful purpose can be said to rectify the harm done. *State* v. *Santello,* supra, 493. Had the court cautioned the jury, a different question would be presented. In the absence of such caution we are constrained to hold that the court abused its discretion in failing to grant the motion.

The main defense was that the negligence of Lange was the sole proximate cause of the accident in that he was going slowly and could easily have stopped his car but, instead, smashed through a closed gate and drove into the side of a moving train. This was a permissible defense under the defendants' claims of proof and they were entitled to have it submitted to the jury under their requests to charge. The trial court failed to accord to this contention the importance which it merited. The jury were charged on concurrent negligence of Lange and the railroad, and the court did touch upon the question of the imputation of Lange's negligence to the plaintiffs, but it failed to present the defense now under discussion to the jury. On the contrary, the jury were instructed to ignore Lange's conduct except as it was imputable to the plaintiffs.

No Connecticut case has been found which holds as a matter of law or fact that, where the plaintiffs, riding in an automobile, were injured at a grade crossing and the railroad company was negligent, the negligence of the driver of the automobile was nevertheless the sole proximate cause of the injury. In *Davis* v. *Margolis,* 107 Conn. 417, 425, 140 A. 823, the facts were comparable to those of the case at bar and the driver of the car was held negligent as a matter of law but the passenger sued him only and not the railroad. See also *Hayes* v. *New York, N. H.*

& H. R. Co., 91 Conn. 301, 307, 99 A. 694. The principle that, where a person is injured and the negligence of two persons is claimed to have been involved in the production of the accident, one may defend on the ground that the other's negligence was the sole proximate cause of the injury has been discussed and approved. *Kelsey* v. *Rebuzzini,* 87 Conn. 556, 560, 89 A. 170; *Lombardi* v. *Wallad,* 98 Conn. 510, 517, 120 A. 291; *Mezzi* v. *Taylor,* 99 Conn. 1, 12, 120 A. 871; *Corey* v. *Phillips,* 126 Conn. 246, 254, 10 A.2d 370; and see *Mahoney* v. *Beatman,* 110 Conn. 184, 192, 147 A. 762. It was also discussed at length from the plaintiff's rather than the defendant's standpoint in *Kinderavich* v. *Palmer,* 127 Conn. 85, 94, 15 A.2d 83. The cases from other jurisdictions cited by the defendants relate to collisions with cars standing on crossings, a situation much more favorable to the defendant. In the following cases the negligence of the driver of the automobile which collided with or attempted to avoid a moving train at a crossing, causing injuries to a passenger in the automobile, was held to have been the sole cause of the accident and the passenger was refused recovery. *Roberts* v. *Louisville & N. R. Co.,* 237 Ala. 267, 269 (7), 186 So. 457; *Brager* v. *Milwaukee Electric Ry. & Light Co.,* 220 Wis. 65, 72, 264 N. W. 733; *Loiselle* v. *Rhode Island Co.,* (R. I.) 110 A. 407; *Morier* v. *Hines,* 81 N. H. 48, 56, 122 A. 330; *Central of Georgia Ry. Co.* v. *Shepard,* 37 Ga. App. 643, 645, 141 S. E. 415; *Sorrel* v. *Payne,* (Mo. App.) 247 S.W. 462; *Herman* v. *Atlantic Coast Line R. Co.,* 197 N.C. 718, 150 S.E. 361; *Ballinger* v. *Thomas,* 195 N.C. 517, 521, 142 S.E. 761; and see *Chesapeake & O. Ry. Co.* v. *Hewin,* 152 Va. 649, 664, 148 S.E. 794; 52 C.J. 271; note, 154 A.L.R. 253.

As regards at least certain of the claimed negligent omissions of the defendants, it would be a question of fact whether they were not remote rather than proximate causes of the accident. *Corey* v. *Phillips,* supra; *Mahoney* v. *Beatman,* supra. The trial court should have submitted the defendants' claim that the negligence of Lange was the sole proximate cause of the accident to the jury under appropriate instructions. It is unnecessary to consider the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C.J., BROWN and DICKENSON, Js., concurred; ELLS, J., concurred in the result.