HENRY A. GALLUP *vs.* JOHN L. MANNING AND OTHERS.

|    |     |
|----|-----|
| 48 | 25  |
| 65 | 543 |

Service of a writ returnable to the February term of the court, 1879, was made in October, 1878, by a copy left with the defendant, which by mistake described the term as that of October, 1879.   The officer's return was in all respects regular, and the plaintiffs, not knowing of the mistake, took judgment by default at the February term.   Upon a bill in equity brought by the defendant to restrain the plaintiffs from collecting the judgment, it was found that the petitioner knew, when the service was made upon him, that the next term of the court was in February, and that he purposely failed to appear; also that he was justly indebted to the respondents to the amount of the judgment.   Held that he had no claim for equitable relief.

BILL IN EQUITY for an injunction against the enforcement of a judgment at law; brought to the Court of Common Pleas of New London County, and heard before *Mather, J.* The court made the following finding of the facts:—

In October, 1878, the respondents, J. L. Manning & Company, brought an action of general assumpsit against Henry A. Gallup, the petitioner, by writ dated October 9th, 1878, demanding two hundred dollars damages, returnable to the Court of Common Pleas in New London County, then next to be holden at Norwich, on the first Tuesday of February, 1879.   The officer to whom the writ was given for service, by virtue thereof attached certain real estate of Gallup, and also factorized one Stanton as a debtor of Gallup, and on the 13th day of October, 1878, left at Gallup's usual place of abode a paper attested by the officer as a true copy of the original writ, but in which, by mistake, he wrote the word

"October" instead of "February," so that it read—"and him summon to appear before the Court of Common Pleas, to be held at Norwich, within and for the county of New London, on the first Tuesday of October, A. D. 1879." The officer endorsed on the original writ a certificate of the legal service thereof, and returned the same to the clerk of the Court of Common Pleas, and it was entered in the docket of that court for the February term, 1879, but without being otherwise served on Gallup than as above shown, though it appeared from the endorsement of the officer to have been legally served. Gallup made no appearance by himself or by attorney in the case, and the plaintiffs in the suit not knowing of any defect in the service of the writ, judgment was rendered thereon by default, on the 28th day of February, 1879, being the 9th day of the term, for $149.10 debt, and $21.46 costs of suit, and execution was issued for the same. The plaintiffs, still supposing that the writ had been properly served, placed the execution in the hands of the same officer for service. In March, 1879, the officer made demand of Gallup for the sum due on the execution. Gallup said he would pay the debt, but would not pay the costs, claiming that there was a mistake in one of the copies left in service; but without explaining to the officer the nature of the mistake, of which the officer then had no knowledge. Gallup neglecting to pay the sum due on the execution, J. L. Manning & Co., on the 29th of May, 1879, placed a judgment lien on his real estate attached in the suit, and brought a petition to foreclose the same at the August term, 1879, of the Court of Common Pleas, but on the 14th of September, 1879, they were enjoined by temporary injunction from proceeding in the foreclosure, and the officer from perfecting the service of the execution. Before the commencement of the February term of the court, 1879, Gallup well knew that the term of the court next after the time when the copy was left at his usual place of abode was in February, and in December, 1878, he declared to outside parties that he knew the time of the court was in February, but as his copy read "October," he should not go near the court. At the time of the judgment Gallup was justly

indebted to J. L. Manning & Co. in a sum equal to the amount of the judgment debt.

Upon these facts the court dismissed the bill, and the petitioner brought the record before this court by a motion in error.

*J. Halsey* and *A. P. Tanner*, for the plaintiff in error.

1. The proceedings on the default were clearly irregular. The law requires that the defendant in a suit shall have lawful notice of it and a legal opportunity to appear and defend. *Grumon* v. *Raymond*, 1 Conn., 44; *Aldrich* v. *Kinney*, 4 id., 384; *Case* v. *Humphrey*, 6 id., 139; *Burgess* v. *Tweedy*, 16 id., 44; *Blakeslee* v. *Murphy*, 44 id., 193. But here it is not claimed that the plaintiff in error was served with legal notice, nor is it found that any notice was ever conveyed to him of the term of the court to which the suit was brought. There being no notice and no proper service of the process, the plaintiff in error was not properly before the court. It had not complete jurisdiction over the parties, and the judgment rendered could have no binding force unless the jurisdictional defect was waived. *Storrs* v. *Scott*, 8 Conn., 484; *Case* v. *Humphrey*, supra; *Sears* v. *Terry*, 26 id., 280; *Woodruff* v. *Bacon*, 34 id., 181; *Cook* v. *Morse*, 40 id., 551; *Blakesley* v. *Murphy*, supra.

2. There was no waiver of the irregularity in question. —(1.) Assuming that the general rules respecting waiver and applicable to questions other than jurisdictional are to govern here, still the conduct of the plaintiff in error is not thereby rendered conclusive of an intention to abandon his legal rights. To constitute an estoppel in pais under the ordinary rules there must be an actual knowledge of the right surrendered as well as of the facts upon which it rests, and a clear design to relinquish it. *Hoxie* v. *Home Ins. Co.*, 32 Conn., 40; *Taylor* v. *Ely*, 25 id., 260.—(2.) But these requisites are not found. There is no allegation that the plaintiff in error knew, nor was he bound to know, the term of the court in which the default was taken, nor that the suit was pending therein or returnable before that term. Yet, if con-

versant with the facts, it is not certain that he believed it his privilege to appear and take advantage of the mistake without conferring jurisdiction. *Austin* v. *Nichols*, 1 Root, 199; *Nichols* v. *Shaw*, id., 315; *Cook* v. *Mix*, 10 Conn., 565; *Thrall* v. *Lathrop*, 30 Verm., 307.—(3.) But conceding knowledge on all these points, still what is there in the conduct of the plaintiff in error, aside from his forbearance, that evinced an intention to waive existing rights. His declarations, even could they be regarded as facts instead of evidence of facts, did not mislead, for they were never communicated to the opposite party. Nothing therefore save the plaintiff's silence manifested a design to relinquish a known privilege. But a representation by silence to be culpable must have been made when it was the duty of the silent party to speak, and there must have been such a representation as a reasonable man would take to be true. It is not probable the defendants in error were led to suppose the plaintiff had concluded on the ninth day of the first term to abandon a privilege of which they at least were ignorant, yet if the waiver was not complete at the time judgment was rendered it has not accrued by lapse of time. *Taylor* v. *Ely*, supra; *Hoxie* v. *Home Ins. Co.*, supra; *Bucklin* v. *Beals*, 38 Verm., 653; *Titus* v. *Relyea*, 8 Abb. Pr. R., 177.—(4.) But the general principles of waiver do not apply in their full force to a jurisdictional objection like the one in question. The defect could only be waived by the party appearing and voluntarily pleading to the merits of the case or manifesting in some other way a design to pass the mistake. His failure to appear and take advantage of the defect was no waiver under the circumstances. He was not bound to appear, as perhaps he would have been had the defect been merely abatable. A jurisdictional defect is more serious than one abatable only. *Sherwood* v. *Stephenson*, 25 Conn., 442; *Fowler* v. *Bishop*, 32 id., 208; Note to *Kellogg* v. *Brown*, id., 111; *Woodruff* v. *Bacon*, 34 id., 181; *Cook* v. *Morse*, 40 id., 551; *Ewer* v. *Coffin*, 1 Cush., 23; *Clark* v. *Freeman*, 5 Verm., 122; *Abbott* v. *Dutton*, 44 id., 551; *Titus* v. *Relyea*, 8 Abb. Pr. R., 177; 1 Kent Com., 284, note.—(5.) Finally, no waiver has in fact been

found by the court. A question of waiver is one of intention, and as such is a question of fact to be determined in the finding of the court below, and not one to be inferred by the appellate court. The record in this case discloses for the most part evidence of facts of intention rather than the facts themselves, and in this respect is erroneous. *Fitch* v. *Woodruff & Beach Iron Works,* 29 Conn., 91; *Cook* v. *Tanner,* 40 id., 378, 382; *Stone* v. *Hills,* 45 id., 44.

3. An equitable defence need not be shown in a proceeding of this kind. This was not in effect a petition for a new trial. The judgment in question was irregular and void, and it matters not whether the plaintiff in error has merits or not. The finding on this point is mere surplusage. There is no presumption in favor of the judgment creditor. *Cogswell* v. *Vanderbergh,* 1 Caines, 156; *Depeyster* v. *Waine,* 2 id., 45; *Howell* v. *Deniston,* 3 id., 96; *Blakeslee* v. *Murphy,* 44 Conn., 195; *Hughes* v. *Wood,* 5 Duer, 603, note.

*S. Lucas,* for the defendants in error.

GRANGER, J. The petitioner seeks the interposition of a court of equity to relieve him from a judgment at law upon a debt which he justly owes the respondents—a debt which he ought to have paid without suit, and against which he does not pretend that he has any legal or equitable defense, and with regard to which it is found that, at the time the judgment complained of was rendered, he was justly indebted to the respondents in a sum equal to the amount of the judgment. But the petitioner's ground of complaint is, that the writ upon which the judgment was based was not legally served upon him, and that he had no legal notice to appear.

The defect in the service was a mere clerical error on the part of the officer who had the writ to serve. The court to which the writ was returnable was held in February, 1879, and the officer in the copy left in service by mistake wrote the word "October" instead of "February." But the writ itself was proper in all respects, and so far as it appeared by the officer's return was duly and legally served. The petitioner knew when the terms of court were held, and that the

Gallup *v.* Manning.

officer had made a mistake. The writ was dated in October, 1878, and he knew that the next term of the court after the date of the writ, and after the copy was left with him in service, must have been in February, 1879, and could not have been in October, 1879. And in December, 1878, the petitioner, it is found, declared that he knew the time of the court to be in February, but as his copy read "October" he should not go near the court.

The principal object of serving writs as provided by law is to give the defendant notice of the time and place of holding the court, and if the legal steps are not pursued in the service of the process, the defendant has his remedy by plea in abatement, if he chooses to avail himself of the defect. But the whole service may be waived, and of course any particular defect in it. If in this case the defendant had appeared and neglected to plead the defective service in abatement, but gone to trial on the merits, it needs no argument to show that he would no longer have ground to complain of the defective service. Under the facts found here he does not stand any better in equity. It may not be strictly a waiver of his right to plead the defective service in abatement. But he has by his conduct placed himself upon utterly inequitable ground. He kept away from the court, with full knowledge of all the facts, for the purpose of allowing the plaintiffs in the suit to take a judgment against him, which he thought he could get set aside as invalid; and now when he comes into a court of equity and asks its aid to carry out his inequitable purpose, he comes with no claim whatever to equitable interference. An injunction is not his right, but the granting of it rests in the discretion of the court, and the court will never lend its aid to one who has a bare legal right and no equity.

But the petitioner shows no reason for setting aside the judgment. The court had, upon the face of the proceedings, full and complete jurisdiction of the parties and the cause, the writ appeared by the officer's endorsement to have been properly served and returned, and the default was entered on the ninth day of the term. No fault is to be imputed to the plaintiffs in the suit; they have taken no undue advantage of

the defendant, and the judgment represents only the actual debt which the petitioner owed and still owes to the respondents. That a small sum has been added to the debt in costs is wholly the fault of the petitioner.

There is no error in the judgment complained of.

In this opinion the other judges concurred.