Card v. Foot.

—— ◄●●► ——

## MARIA D. CARD *vs.* ENOS FOOT.

New Haven Co., June T., 1889. CARPENTER, PARDEE, LOOMIS, BEARDSLEY and TORRANCE, Js.

The statute (Gen. Statutes, § 1098,) provides that "no person shall be dis-qualified as a witness by reason of his conviction of a crime, but such conviction may be shown for the purpose of affecting his credit." Held to apply only to the class of witnesses who were before the pass-age of the act disqualified at common law by conviction of an infa-mous crime.

And held therefore that the conviction of a witness for a petty offense, could not be shown for the purpose of affecting his credit.

An appeal by a defendant from the judgment of a justice of the peace in a criminal case, vacates the judgment appealed from.

The plaintiff offered in evidence the record of the conviction of the defend-ant by a justice of the peace for a petty offense, and the court admitted it for the purpose of affecting his credit as a witness, and instructed the jury that they might so consider it. The plaintiff had previously laid in, without objection, a memorandum book of the defendant, in which the latter had at the time made an entry of the fact that he was so tried and convicted. Held not to be a sufficient reason for not granting the defendant a new trial for error in the admission of the record, since the record must have had, in the circumstances, a much greater influence upon the minds of the jury than the simple entry in the memorandum book.

In such cases it ought to clearly appear that no harm has been done, or a new trial must be granted.

[Argued June 5th—decided September 9th, 1889.]

ACTION to recover the value of certain bonds of the plaintiff claimed to have been in the possession of the de-fendant; brought to the Superior Court in New Haven

---

County, and tried to the jury before *Andrews, J.* Verdict for the plaintiff, and appeal by the defendant for error in the rulings of the court. The case is sufficiently stated in the opinion.

*H. Stoddard* and *W. L. Bennett*, for the appellant.

1. The court erred in admitting in evidence the record of the justice of the peace, showing the conviction of the defendant by him for a breach of the peace. At common law persons convicted of infamous crimes were excluded from being witnesses. Wharton's Ev., § 397; 2 Stephen's N. P., 1721. A simple assault and breach of the peace were never regarded as such crimes. *State* v. *Randolph*, 24 Conn., 363; *Kitteringham* v. *Dance*, 58 Iowa, 632; *Glenn* v. *Clove*, 42 Ind., 61. The statute (Gen. Stat., § 1098,) removes the disability, and provides that the conviction of a crime which before disqualified may be shown for the purpose of affecting the credit of the witness. It does not permit proof of conviction of crimes which before the statute did not disqualify. This is the construction of the statute necessarily involved in the decision in the case cited of *State* v. *Randolph*. The statutes of Illinois and Ohio, in nearly the same words, have received this construction. *Coble* v. *The State*, 31 Ohio St., 100; *Bartholomew* v. *The People*, 104 Ill., 601.

2. But the record does not show a conviction of the crime. It shows an appeal taken which vacated the judgment of the justice, and a *nolle* in the Superior Court. By all the authority both of text books and cases, there must be a record of conviction and *final* judgment to disqualify the witness or affect his credit. *Com.* v. *Gorham*, 99 Mass., 420; *Blaufus* v. *The People*, 69 N. York, 107.

3. In the present case the one material question in the case was whether the plaintiff delivered to the defendant the sum of $3,160 with which to purchase bonds. The plaintiff on the one hand and the defendant on the other were the only witnesses upon the question. It was therefore of the greatest importance that the credit of the defendant should remain unimpeached. The evidence under discus-

sion was admitted solely to affect the credibility of the witness and the jury were twice told by the judge that it was to be considered by them in estimating the credit to be given him. Under this ruling and direction the jury must have considered the evidence and let it weigh against the defendant.

*C. S. Hamilton,* for the appellee.

The statute referred to, in restoring the competency of witnesses, does not state the character of the crimes a conviction of which may be shown for the purpose of affecting credit. The language "conviction of crime," is broad enough to include the crime contained in the record—assaulting, beating, bruising and wounding. Such offenses were indictable at common law. 4 Black. Comm., 216. Crime is thus defined—"It is a *nomen generalissimum* and has always been considered as embracing every species of indictable offense." *In re Voorhees,* 32 N. Jer. Law, 147. "Crimes may be classed in the following manner: Treason, felonies, breaches of the peace and misdemeanors." 2 Swift's Dig., 257. In Massachusetts, under a similar statute, which reads: "No person shall be excluded by reason of crime or interest from giving evidence as a witness, * * * but the conviction of any crime may be shown to affect the credibility of a witness"—it was held that conviction of keeping a house of ill-fame was admissible as affecting credibility. *Com.* v. *Hall,* 4 Allen, 305. We are aware of the use of the word "any" in their statute, but the decision of the court is based on other grounds; and we submit that the words "conviction of crime" are equivalent to the words "conviction of any crime." It is obvious that some offenses that are not felonies may affect one's credibility much more than some felonies. For example, the keeper of a house of ill-fame, or a person convicted of obtaining goods by false pretenses, has at least as little claim to confidence in his veracity as one who commits a petty theft. There are other offenses which may affect one's character for veracity less; but there are few, if any, which do not aid a jury in forming a just

estimate of the character and credibility of a witness. Rapalje (Law of Witnesses, § 18,) in speaking of the " effect of conviction of minor offenses," although not including all of them as rendering a witness incompetent, says, " but in the case of most of them the conviction may be shown for the purpose of impeaching the credibility of the witness." The appeal and entering of the *nolle* by the state's attorney did not furnish any ground for striking out the evidence. It was not an acquittal, nor was it a reversal of the original conviction. The most that can be said in its favor is that it was a sort of pardon granted by the attorney; but even a full pardon, although it might restore competency, does not prevent the original record from operating on credibility. *Curtis* v. *Cockran*, 50 N. Hamp., 242, 244. "Pardon removes the legal infamy of the crime so that the offender will be a competent witness; but it cannot take away guilt or wash out the moral stain." *Baum* v. *Clause*, 5 Hill, 196.

2. The defendant was not injured by the admission of the record. It had already been testified to without objection, that the assault and battery had been committed. The pass-book, " proved by the testimony of a witness to be in the handwriting of the defendant, which testimony was not denied by the defendant," was laid in without objection; and it contains in the handwriting of the defendant this entry.—" July 2d, arrested and tried and fined at West Haven in the evening." The charge of the judge extracts all that was vital from the record. It calls attention to the fact that the case was nolled; and instructs the jury to take into consideration the *nolle* and puts a *quære* as to whether the defendant's character for truth and veracity is affected or not. Under these circumstances how can this court see that one iota was added to the defendant's want of credibility as a witness by the criminal record, when his credibility was already loaded with a criminal record made by his own hand, before the jury without objection, and the testimony also admitted without objection of several witnesses that the crime had been committed, and as the court excluded

Card v. Foot.

the record for the other purposes and so instructed the jury, no injury was wrought to the defendant in other respects.

3. But even conceding that there was technical error and that the defendant was in some degree injured thereby, we submit that there is no ground for granting a new trial. "The rule is a familiar one, that a new trial will never be granted unless the court can see that injustice either was or might have been done on the former trial." *Kelsey* v. *Hanmer*, 18 Conn., 320. "The application is addressed to our discretion." *Johnson* v. *Blackman*, 11 Conn., 358. "Under all these circumstances, although we have not been able to see the strict propriety of the evidence, yet, for the reasons above given, we do not advise a new trial." *Cowles* v. *Coe*, 21 Conn., 236.

TORRANCE, J. It appears from the record in this case that, prior to the trial in the court below, the defendant had been convicted before a justice court of a simple assault and breach of the peace, and sentenced to pay a fine of seven dollars; that he had taken an appeal from the judgment to the Superior Court, and that in that court a *nolle prosequi* had been entered in the case.

At the trial below the court, against the objection of the defendant, allowed the plaintiff to introduce the record of the conviction in evidence for the purpose of affecting the credit of the defendant as a witness. In rebuttal the defendant introduced evidence showing the allowance of the appeal and the action taken thereon in the Superior Court, and then moved that all evidence in reference to the record and the record itself be stricken out; which motion the court denied. In its charge with reference to the record and evidence the court told the jury, in substance, that the record was admissible to prove a conviction notwithstanding the appeal, and that such conviction might be considered by them in determining whether the defendant's character for truth and veracity and his credibility as a witness were affected or not thereby, and if so, how much. To this also exception was taken.

In admitting the record for such a purpose and in so charging the jury we think the court erred.

Even in cases where it is allowable to show a conviction of crime to affect the credit of a witness, such conviction must generally be shown by the record of a valid, subsisting, final judgment. A judgment vacated, reversed, or set aside, upon writ of error, appeal, or other appropriate proceedings, is in law no judgment, and the record thereof ought not to have any force in affecting the credit of a witness. In the case at bar the appeal under our law vacated the judgment of the justice court. *Curtiss* v. *Beardsley*, 15 Conn., 524; *Wickwire* v. *The State*, 19 Conn., 484; *State* v. *Harding*, 39 Conn., 562.

After the appeal was allowed the judgment was as effectually set aside and made of none effect as if it had been reversed and set aside upon proceedings in error. After the appeal, so far as the present question is concerned, it was as if no judgment had been rendered and the defendant had not been convicted. The record was therefore inadmissible for the pupose for which it was received and should have been rejected.

The court also erred in its charge to the jury.

Under the common law persons convicted of crimes which rendered them infamous were disqualified as witnesses. Such also was the law of this state before it was modified by statute. It was not however contended in the argument before this court that the conviction in question here would have made the defendant infamous or disqualified him as a witness at common law, but it was claimed that his conviction of *any* crime might under our statute be shown to affect his credit as a witness.

We do not so construe the statute. So far as the question involved in this claim is concerned the language of our statute is as follows—" No person shall be disqualified as a witness * * * by reason of his conviction of a crime, but such * * * conviction may be shown for the purpose of affecting his credit." Gen. Statutes, § 1098.

Under our law, prior to this statute, a class of persons

convicted of certain crimes, to wit, infamous crimes, were disqualified as witnesses; another class of persons convicted of certain other crimes were not disqualified. In this state of the law the statute above quoted was passed.

In the first clause the intent is evident and clear, namely, to render competent as witnesses those who had theretofore been disqualified by reason of conviction of infamous crimes. But the legislature did not thereby intend to make such persons witnesses entitled to as full credit as if they had not been so convicted, and so it was provided in the last clause that "such conviction," that is, the conviction which had theretofore disqualified, might be shown to affect credit.

The construction here put upon this statute on the point in question was necessarily involved in the decision of this court in *State* v. *Randolph*, 24 Conn., 363, and we are entirely satisfied with the reasoning and conclusion of the court upon the point in question in that case. If further authority were necessary to justify such a construction of the statute it may be found in the reasoning and conclusions of other courts upon statutes similar in language to our own.

Thus the statute of Illinois provides that "no person shall be disqualified as a witness * * * by reason of his having been convicted of any crime, but such conviction may be shown for the purpose of affecting his credibility." In construing this statute the Supreme Court of that state says:— "Palpably the purpose of this section is simply to remove the common law disability and allow a witness to testify who was thereby excluded. It neither professes to, nor does by implication, enlarge the class of cases wherein conviction discredits a witness. At common law conviction of an infamous offense excluded the party from being a witness, but now he may testify notwithstanding such conviction, that is, of an infamous crime, but the fact of such conviction, that is, of the infamous offense, may be shown for the purpose of affecting his credibility." *Bartholomew* v. *The People*, 104 Ill., 601.

In Ohio a very similar statute has received a like construction. *Coble* v. *The State*, 31 Ohio St., 100.

Card v. Foot.

We think therefore that both upon principle and authority the crime of which the defendant was found guilty by the justice court, was not one of that class of crimes the conviction of which may be shown to affect the credit of a witness, and that therefore the court erred in its charge.

But the plaintiff earnestly contends that if the admission of the record and charge to the jury with reference thereto were erroneous, still the error was not of such a nature as to entitle the defendant to a new trial.

On the trial below, in rebuttal of certain testimony given by the defendant, the plaintiff laid in in evidence without objection a pass-book in the defendant's handwriting, which contained among others the following entry concerning his conviction aforesaid :—" July 2,—Arrested, tried and fined at West Haven in the evening." In connection with the pass-book and other rebutting testimony, the record of the justice court was offered for the threefold purpose of rebutting the defendant's testimony, of contradicting what he had said on cross-examination, and of affecting his credit. The court admitted it for the last purpose only.

The argument of the plaintiff is, that inasmuch as the fact of the conviction was before the jury without objection by means of the entry in the pass-book, and the record was admissible for the other two purposes for which it was claimed, its erroneous admission for another purpose did not injuriously affect the defendant.

Without passing upon the question as to whether the record was admissible under the other claims of the plaintiff, we cannot take this view of the case. The record was distinctly claimed and received as evidence directly affecting the credit of the defendant as a witness, and the jury were specifically told that they might so consider it. Under these circumstances the record of the conviction doubtless had a much greater influence upon the minds of the jury than the simple fact contained in the pass-book would have had. The plaintiff and defendant were the principal witnesses in the case, and it was important to the defendant and his clear right that the jury should consider his testi-

mony unaffected by evidence that would almost inevitably under the circumstances illegally and injuriously detract from its force. In cases like this it ought to clearly appear that no harm has been done or a new trial must be granted. *Richmond* v. *Stahle*, 48 Conn., 25.

In the case at bar, inasmuch as illegitimate evidence was received against the specific objection of the defendant, and the jury were specifically told that they might consider this evidence on an important point in the case, we think the jury must have used it to the injury of the defendant.

In view of the fact that there must be a new trial in this case we pass the other questions raised on the record without further consideration, as they may not again arise.

For the error in admitting the record of the justice court and in the charge with reference thereto, a new trial is granted.

In this opinion the other judges concurred.