THE STATE OF CONNECTICUT *vs.* FRANCIS JOSEPH *alias* JAMES JOSEPH.

First Judicial District, Hartford, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In this State the court, in a criminal case, cannot direct the return of any particular verdict.

In putting in its case in chief, the State may rely upon the presumption that the accused is sane; and after evidence of insanity has been offered by the accused, the State may rebut such evidence, if it desires, or submit the issue to the jury without any rebuttal. But in either case the burden of proving the sanity of the accused beyond a reasonable doubt rests upon the State.

Under our practice only those requests to charge which appear in the finding can be made grounds of appeal.

The evidence in the present case reviewed, and the verdict of guilty sustained.

Objections to evidence which do not appear in the finding, although recited in the assignment of errors, furnish no ground of appeal.

The State *v.* Joseph.

The admission of an improper question on cross-examination which is not answered and is then withdrawn, is harmless error; so also, the admission of improper questions respecting matters of which the witness replies that he has no knowledge.

In the present case a sister of the accused, while testifying in his behalf, was asked on cross-examination if she had claimed that he was insane when he was tried and sentenced for a crime in Massachusetts. No evidence of such trial had been introduced, nor did it appear that the sister was a witness in that case or responsible for his defense. To this inquiry the witness answered that she was not then in court. *Held* that the question was improper, but was rendered harmless by the witness' answer.

The fact that the accused had served sentences in other States should ordinarily be proved by the record of his conviction. Whether a competent witness could testify to that fact, *quære.*

Questions designed for the purpose of getting before the jury, in an improper way, former convictions of the accused, is reprehensible practice, and such a purpose, therefore, will not be readily inferred by this court.

Argued October 6th—decided October 19th, 1921.

INFORMATION for larceny, brought to the Superior Court in Hartford County and tried to the jury before *Haines, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Nathan O. Freedman,* with whom, on the brief, was *William H. Lewis* of Boston, for the appellant (the accused).

*Hugh M. Alcorn,* State's Attorney, and *Newell Jennings,* Assistant State's Attorney, for the appellee (the State).

WHEELER, C. J. The accused was tried for and convicted of the crime of larceny. No evidence was offered in his behalf in disproof of this charge. His sole defense was that at the time of its commission he was mentally irresponsible.

Three grounds of appeal are pressed. *First.* "Since

the State never put on any evidence that the defendant was sane (and the presumption of sanity was wiped out by the introduction of insanity on the part of the defendant) the verdict should have been directed for the defendant." Three reasons, each one sufficient, may be suggested which show that this ground is not well taken.

a. "The court, in a criminal case, cannot direct the return of any particular verdict." State v. Fetterer, 65 Conn. 287, 289, 32 Atl. 394; State v. Main, 69 Conn. 123, 133, 37 Atl. 80; General Statutes, § 6641.

b. This ground of error assumes that the mere introduction of evidence by the accused to establish his insanity overcame the presumption of sanity upon which the State could in the first instance rely, or that this offer in fact established the insanity of the accused. Neither assumption is sound. The State had a right, in the first instance, to rely upon the presumption of sanity, and thereupon it became the privilege of the accused to offer such evidence as he desired upon the subject of his mental condition. The State might then rebut this evidence if it desired, or submit the issue to the jury upon the evidence offered. In either case the burden of proving the sanity of the accused beyond a reasonable doubt rested upon the State. The charge upon this subject was unexceptionable. "Now, having heard all the evidence, it is for you, taking it all into careful account, to say whether the legal sanity of this man has been established beyond a reasonable doubt, bearing in mind that, the issue having been raised, the burden rests upon the State, as it does in all other particulars in this case, to satisfy you beyond a reasonable doubt that this man was legally sane and responsible at the time these offenses were committed. That simply means that, taking all the evidence together,—offered by both sides in this

case,—you are to decide whether the burden which the State carries has been met; and it has been met if, upon all that evidence, you are satisfied beyond a reasonable doubt that the man was sane and responsible."

*c.* No request to charge of this character appeared in the finding, and only those requests to charge which do appear in the finding can be made a ground of appeal under our practice.

*Second.* The accused claims that the court erred in not granting his motion to set aside the verdict and ordering a new trial. The most careful study of the evidence has not satisfied us that the verdict of the jury, which necessarily included a finding that the accused was mentally responsible, was so palpably and manifestly against the evidence as to have warranted the court in granting a new trial. *State* v. *Lee*, 69 Conn. 186, 189, 192, 37 Atl. 75. On the contrary, we do not think the evidence would have justified the jury in a verdict of not guilty by reason of insanity.

*Third.* The objections to evidence are not made a part of the finding but are found only in the reasons of appeal. This method is contrary to our established practice; objections contained in the reasons of appeal but not made a part of the finding, furnish no ground of appeal.

But if the objections had been duly set forth in the finding, harmful error could not have been predicated upon them. It appears from the transcript of the evidence which is a part of the record, that the State was cross-examining the witness as to her knowledge of the accused, her brother, having been before sentenced to prison, and referring to the trial in that case the State's Attorney inquired of the witness: "Did you interpose in his behalf . . . a defense of insanity?"

It had not appeared that the witness was in charge of that defense, in any degree, or was even a witness in the case, so that the question in any aspect was not proper cross-examination. But its admission did the accused no harm, for the witness never answered it, but said she didn't know what it meant, and then the State withdrew the question. The same considerations apply to the question: "Did you claim that at that time he was sentenced to Charlestown prison, did you claim in court, either to the court or to the jury in Massachusetts, that he was insane; did you tell them so? " The question was not proper cross-examination, since it had not appeared that the witness was ever in the court in Massachusetts. Her answer was: "I was never in court"; so that the admission of this question was harmless. The State then inquired: "Did you know that he had previously served sentences in other institutions . . . beginning as far back as 1903? " The question was improper cross-examination, and upon its face served the purpose of placing in evidence the fact that the accused had served sentences in other institutions, when the record was the competent proof of this fact. Whether a competent witness could testify as to an accused having been incarcerated in a prison or in an institution, we need not now determine. This question was claimed as preliminary to the inquiry: "Did you, or any member of your family so far as you know, present that issue of insanity? " The latter question was inadmissible until it appeared that the witness had some means or opportunity of knowing such a fact. Neither question harmed the accused for the witness answered the first that she did not know, and to the second she made in substance a like answer. We are reluctant to conclude that the persistence of the State's Attorney was, as counsel for the accused claim, for the purpose of

getting before the jury the former convictions of the accused, for such a purpose would have been unfair and reprehensible practice.

There is no error.

In this opinion the other judges concurred.