Commonwealth *v.* Falgiatore, Appellant.

Argued March 21, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Thomas I. Guerin,* with him *Isadore Penn,* for appellant.

*William T. Connor,* with him *Charles S. Solit, John H. Maurer,* District Attorney, and *Raymond V. John,* Assistant District Attorney, for appellee.

OPINION BY RENO, J., July 15, 1949:

Appellant, Thomas Falgiatore, was indicted for a misdemeanor under the Solid Fuels Act of July 19, 1935, P. L. 1356, as amended, 76 PS §342 et seq. He waived a jury trial; the trial judge found him guilty; and sentenced him to pay a fine of $300.

The Act, §8, as amended, 76 PS §349, provides for summary proceedings for the first, second and third offenses, and defines fourth and subsequent offenses as misdemeanors. To sustain a conviction for a misdemeanor there must be proof of three prior violations and convictions. Cf. *Com. v. Calio,* 155 Pa. Superior Ct. 355, 38 A. 2d 351. The decision turns upon the question whether there was adequate proof that appellant had been summarily convicted on three prior occasions.

A person named Falgiatore was undoubtedly involved in some capacity in three prior violations. But from the record before us we have not been able to determine whether *Thomas* Falgiatore was convicted in three prior summary proceedings and whether appellant is actually the Falgiatore involved in them. Appellant could be convicted of the misdemeanor only if the Commonwealth proved beyond a reasonable doubt three prior summary convictions of the very person named in the indictment, and the record submitted to us must show sufficient evidence to sustain the conviction.

The Commonwealth relied exclusively upon the magistrate's dockets. The informations, warrants and other papers comprising the record were not produced. There is a clear intimation in *American Bank v. Felder,* 59 Pa. Superior Ct. 166, that docket entries without the supporting documents are not sufficient to prove a

conviction. In any event, had the informations and warrants been produced some of the questions that arose here might have been averted. Moreover, the entire contents of the docket entries relating to the alleged prior convictions were not introduced in evidence nor copied into the record. Only *parts* of them appear, read into the record by the assistant district attorney or by a witness. We have been obliged to discover the general nature and tenor of the docket entries by examining the testimony concerning them, and reading the colloquies between counsel, and between counsel and the trial judge. In one instance, according to the trial judge's memorandum opinion, the witness who produced the docket "did not testify as to what the record contained, but the record was examined by the trial judge who as a fact finder satisfied himself that Falgiatore was a defendant and was fined in a summary proceeding for a violation of the Solid Fuels Act." Nevertheless, all the docket entries should have been introduced in evidence and completely copied into the record so that we too could have passed upon their sufficiency as proof of a prior conviction.

We shall not analyze all the docket entries or attempt to point out their deficiencies. One illustration will suffice. We gather from the objections and arguments of counsel in the court below that one docket indicated the issuance of a warrant against Economical Coal Company. Under the company's name appeared in parenthesis "Romano and Falgiatore". A fine of $25 was imposed but the docket does not disclose whether the company, Romano or Falgiatore was adjudged guilty. It does not disclose whether the company was a corporation, or a partnership of which Romano and Falgiatore were members. A witness testified: "If my memory serves me right, Mr. Falgiatore" was present at the hearing, but unless Falgiatore was a defendant, so named in the information and the warrant, his

presence at the hearing was without significance. The docket does not exhibit a conviction of *Thomas* Falgiatore.

The docket entries concerning the other alleged violations, so far as we can determine from the record, are not more satisfactory. Furthermore, apart from the incomplete proof of the dockets, there is not sufficient evidence to sustain the conviction. Appellant did not testify in his own behalf and, except for the dubious reference to his presence at one magistrate's hearing, there is no proof of identification. Unless a defendant admits that he is the person who was convicted in a prior proceeding, there must be independent proof of identification. Cf. *Kane v. Com.,* 109 Pa. 541; *Rauch v. Com.,* 78 Pa. 490.

Reversed and defendant discharged.