STATE OF CONNECTICUT *v.* NORMAN E. COUTURE

KING, C. J., MURPHY, SHEA, ALCORN AND COMLEY, JS.

Argued October 3—decided November 26, 1963

*Herbert Watslein,* with whom was *Julius Watstein,* for the appellant (defendant).

*Robert P. Sneideman,* prosecuting attorney, for the appellee (state).

MURPHY, J.  The defendant was tried and convicted by a jury in the Circuit Court at Bristol on March 29, 1961, on an information charging him with "operating under influence" in violation of General Statutes § 14-227 and on a traffic-ticket complaint alleging "operating while lic. is suspended . . . Sec. 14-215" at Bristol on January 25, 1961.  Thereafter, he was found guilty by the court on May 25, 1961, of having been previously convicted of "operating a motor vehicle under the influence of intoxicating liquor in violation of section 14-227."  He appealed to the Appellate Division of the Circuit Court, which found no error in the judgment of the trial court.  We granted certification.

At the outset, we call attention to the allegations of the two crimes of which the defendant was convicted on March 29, 1961.  One charge was "operating under influence" in violation of § 14-227.  The information is silent as to the nature of the substance which had him under its influence and what he was operating at the time.  Section 14-227 makes it a crime to operate a motor vehicle while under

the influence of intoxicating liquor or of any drug. The specifics of the offense should be spelled out. Practice Book, 1963, § 493(b). The other charge was "operating while lic. is suspended . . . Sec. 14-215." Only the reference to the statute gives an inkling that it was a motor vehicle operator's license which was alleged to have been under suspension. As a matter of fact, the certified copy from the motor vehicles department of the defendant's driving history shows that it was his right to operate a motor vehicle in this state which was suspended. Nowhere in the record before us does it appear that a Connecticut operator's license had ever been issued to the defendant so that the license rather than the right to operate could be suspended. These deficiencies in the record and the trial of this case have not been made the basis of the appeal to us. They are, however, of such importance in the orderly processes of criminal justice that we direct attention to them. The method of charging the offenses which is recited above coincided with the first few months of the Circuit Court; General Statutes § 51-248; it is to be hoped that such procedures are not now being followed.

The defendant has pursued three assignments of error in this court. The first concerns the denial of his demand, on the cross-examination of a witness, to inspect a written report made by the witness; the second concerns two rulings on the admission in evidence of documents relied on by the state to prove that the defendant was a second offender; and the third is that the second-offender conviction is erroneous because the clerk did not docket the notice to the defendant of that charge in accordance with what is now § 487 of the 1963 Practice Book. We shall first dispose of the last claim.

The information alleging the violation of General Statutes § 14-227 was in two parts. In the first part, the defendant was charged with "operating under influence." In the second part, he was charged as a second offender. At the bottom of the second part, the clerk certified that in the corridor of the courthouse in Bristol at 10:10 a.m. on January 25, 1961, he had, in the absence of the court, informed the defendant of the contents of the second part before the defendant was put to plea. This certificate should have recited that the clerk had thus informed the defendant before the latter was put to plea on the first part of the information. Practice Book, 1963, § 487. The defendant does not claim, however, that he was not properly informed of the second-offender charge before his plea to the first part of the information. The rule (§ 487) also provides that the clerk shall enter on the docket the time and place of giving the information concerning the second-offender charge and shall "include entry thereof in the judgment file."

During the trial under the second part of the information, the clerk testified that the details of the notification to the defendant had not been entered on the docket or in the judgment file. At that time, the judgment file had not yet been prepared because the adjudication under the second part of the information had not yet been made. Actually, the judgment file is dated June 6, 1961. The trial on the second part of the information was held May 25, 1961. Despite the discussion which occurred in court, the judgment file as finally drafted contains no entry of the notification. The need for the docket and the manner of keeping it are governed by General Statutes § 51-52 and Practice Book, 1963, § 189. The purpose of our procedure

relative to notification of a defendant of the allegations concerning prior convictions is to ensure that, in fairness to him, he is made aware, before he is put to plea on the first part of the information, that the penalty which can be imposed on a finding of guilty on that part is greater because of the prior convictions alleged in the second part. *State* v. *Reilly*, 94 Conn. 698, 702, 110 A. 550; *State* v. *Holloway*, 144 Conn. 295, 301, 130 A.2d 562. The clerk testified that the defendant had been notified as attested by the certificate at the foot of the second part of the information. The failure to make proper entries on the docket and in the judgment file did not vitiate the conviction of the defendant under the second part of the information.

The arresting officer testified on cross-examination that he had refreshed his memory by reading his report before going to court on the morning of the trial. The defendant demanded the report, claiming that he had a right to examine it. The record before us is insufficient to indicate error in the refusal of the trial court to order the production of the report.

To prove that the defendant was a second offender, the state relied on two documents. In the second part of the information, the state alleged that the defendant had been convicted in the West Hartford Town Court on October 5, 1959, of the crime of driving under the influence of intoxicating liquor in violation of General Statutes § 14-227. The state offered in evidence, and the court, over the objection of the defendant, admitted, a document certified on the third page by the clerk of the Circuit Court in West Hartford as being "a true copy of the complaint in this Town Court, in the case of State *vs.* Norman Ernest Couture." See General

Statutes § 51-273. Nowhere in the body of the document preceding the certification by the clerk does it appear that the defendant was put to plea or convicted of any offense. The third page contains the printed form which should have been filled in with the appropriate information, including the name of the presiding judge, the crime alleged, the plea entered, and the disposition of the charge as well as the name of the clerk at the time. None of this form was completed. The document was nothing more than what the clerk certified it to be, i.e. a copy of the complaint. A complaint is but an allegation or accusation. *Goddard* v. *State,* 12 Conn. 448, 453. To prove a conviction, it is necessary to show it by the record of a valid, subsisting final judgment. *Card* v. *Foot,* 57 Conn. 427, 432, 18 A. 713; 25 Am. Jur. 276, Habitual Criminals, § 29; see also *State* v. *Joseph,* 96 Conn. 637, 641, 115 A. 85. Annotations on the essentials of proof of prior convictions may be found in 58 A.L.R. 20, 79, 82 A.L.R. 345, 369, and 116 A.L.R. 209, 231. As the document offered was not a certified copy of a record of a judgment of conviction, the objection to it should have been sustained.

The state also attempted to prove that the defendant was a second offender by a certified copy of his driving history from the motor vehicles commissioner. Section 14-141 of the General Statutes provides, among other things, that the clerk of each court shall transmit to the commissioner of motor vehicles a certified abstract of motor vehicle offenses together with the disposition in each case and such recommendations as to suspension or revocation of license as the court deems advisable. Section 14-3 prescribes the powers and duties of the motor vehicles commissioner and provides:

"Any certified copy of any document or record of the commissioner, attested as a true copy by the commissioner, deputy commissioner or chief of a division, shall be competent evidence in any court of this state of the facts therein contained." The state maintains that this statute furnishes an alternative method of proving a conviction and cites as authority the opinion of the Appellate Division of the Circuit Court in *State* v. *Caissie,* 24 Conn. Sup. 360, 364, 190 A.2d 604. Proof of a conviction can only be established by a proper record of the judgment of the court in which the conviction occurred. 2 Wharton, Criminal Evidence (12th Ed.) p. 487. The history from the motor vehicles commissioner was incompetent to prove conviction and should not have been admitted for that purpose. See *Russo* v. *Metropolitan Life Ins. Co.,* 125 Conn. 132, 138, 3 A.2d 844. So far as *State* v. *Caissie,* supra, holds to the contrary, it is not the law. Cf. *State* v. *Cullum,* 149 Conn. 728, 730, 176 A.2d 587. The defendant should not have been found guilty of being a second offender.

The other members of the court have decided that a partial new trial should be ordered, a decision in which I do not concur since it is my view that a judgment finding the defendant not guilty under the second part of the information should be ordered.

There is error in part, the judgment is affirmed so far as it finds the defendant guilty under the complaint and the first part of the information, the balance of the judgment is set aside and a new trial is ordered limited to the issues under the second part of the information.

In this opinion the other judges concurred.