STATE OF CONNECTICUT *v.* NORMAN E. COUTURE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 17-126

Argued April 6—decided July 10, 1964

*Herbert Watstein,* of Bristol, for the appellant (defendant).

*Robert P. Sneideman,* prosecuting attorney, for the appellee (state).

Kosicki, J. On November 26, 1963, the Supreme Court of Errors, on defendant's appeal after granting certification, affirmed the judgment of the Circuit Court in the seventeenth circuit, and of the Appellate Division of the Circuit Court, so far as the defendant was found guilty of the offenses of operating a motor vehicle while he was under the influence of intoxicating liquor; General Statutes § 14-227; and of operating a motor vehicle while his right to so operate was under suspension, § 14-215; but set aside the balance of the judgment and ordered a new trial limited to the issues under the second part of the information, which charged the defendant with being a second offender under § 14-227. *State* v. *Couture,* 151 Conn. 213, 220. After a trial to the court without a jury in response to this mandate, the court found the defendant guilty as a second offender under the second part of the

information and imposed sentence. From this judgment the defendant has appealed.

Upon the hearing on the second part of the information, the state was required to prove, beyond a reasonable doubt, (1) the prior conviction through evidence of a record of the judgment, and (2) the identification of the accused as being the same person as the defendant in the previous conviction. *State* v. *Couture,* supra; *State* v. *Lenihan,* 151 Conn. 552, 553.

For the purpose of establishing a judgment record, the state introduced what purported to be a copy of a record, with the certificate of the clerk of the Circuit Court for the sixteenth circuit appended to the third page of the document, hereinafter referred to as exhibit B. The only difference between this copy and that found insufficient by the Supreme Court of Errors in *State* v. *Couture,* supra, is that the clerk had completed the blank form on page three for the purpose of providing a judgment file. The certificate, at the end of the third page, states that "the above and foregoing is a true copy of the complaint in the Town Court of the Town of West Hartford in the case of State vs. Norman Ernest Couture, and that I have prepared the above and foregoing Judgment File from the records of the Town Court of the Town of West Hartford, the record of which Court constitute records of the Circuit Court per Section 51-273, Connecticut General Statutes, as amended." Exhibit B was admitted against the defendant's objection, and this ruling, to which exception was taken, is assigned as error.

The claim of the state is that the clerk of the Circuit Court could perform the ministerial duty of perfecting the record of the judgment by completing the judgment file at any time before such

document was offered in evidence, citing as authority *State* v. *Lindsay,* 109 Conn. 239, 241. In that case, to prove a prior conviction, the prosecution introduced a judgment file, made out and signed by the assistant clerk, and also the original complaint and warrant in the action, which had on it the notation that a plea of nolo contendere had been entered and a sentence imposed but which did not bear the signature of the judge or clerk. The judgment file had been prepared by the assistant clerk, on the day before trial and more than sixteen months after the prior conviction, from memoranda and notations on the back of the original file and original docket entries of the court, all unsigned, but the latter were in the handwriting of the clerk. On appeal, after sustaining the action of the trial court in admitting the judgment file as evidence of a prior conviction, the court stated (p. 242): "There is a distinction between the judgment of the court, such notations as in the present case appear upon the original complaint and in the docket of the court, and the judgment-file. The judgment is the determination or sentence of the law speaking through the court, pronounced or made known in some appropriate way, orally or in writing or partly in each. The notations on the original complaint and in the docket are the entries made when a judgment is rendered in order to preserve accurately and put upon immediate public record the acts of the court. The judgment-file consists of the writing out of the judgment for record, giving a history of the various steps in the action leading up to it, and it is prepared and signed at a time subsequent to the rendition of the judgment. *Bulkeley's Appeal,* 76 Conn. 454, 457 . . . ; *Sisk* v. *Meagher,* 82 Conn. 376 . . . ; *Hull* v. *Thoms,* 82 Conn. 386, 391 . . . ; *Brown* v. *Cray,* 88 Conn. 141, 146 . . . ; *Goldberg* v. *Krayeske,* 102 Conn. 137, 143 . . . .

The notations made by the clerk upon the original papers and in the docket need no particular authentication but, appearing as made by him in the appropriate place, may be presumed to be accurate. Such entries, duly authenticated, may stand as adequate evidence of a judgment. *Buckley* v. *Spirt*, 108 Conn. 733 . . . . But it is the judgment-file, signed by the judge or clerk of the court, which is the proper evidence of the rendition of the judgment and its terms. *Brown* v. *Cray*, supra. When such a judgment-file has been prepared, whether or not entries made upon the original papers or in the docket at the time the judgment was rendered are signed is not of consequence. Such entries having been made, the formal judgment-file may thereafter be prepared from them and signed by the clerk or any assistant clerk having authority to act in his stead." See also *Varanelli* v. *Luddy,* 130 Conn. 74, 78, 79.

We do not consider the rule in the cited case to be applicable in the present situation. The proffered document was not a record of the Circuit Court but was offered as a judgment record of the Town Court of West Hartford, which became functus officio at midnight December 31, 1960. Neither the Town Court nor its officials retained any judicial or clerical power after the court ceased to exist; their powers were unqualifiedly ended and did not continue in any vital form by a transference of them to the Circuit Court, which was a newly created court, exercising broader jurisdiction and of statewide operation.

In effectuating the transition from the defunct minor courts to the Circuit Court, the legislature provided (§ 51-273) that all judicial business pending before such courts shall be deemed pending before the Circuit Court; and that all judicial files,

records and dockets of such courts shall be filed in the appropriate office of the several clerks of the Circuit Court and safely kept therein and shall in all respects constitute records of that court. The performance of the usual ministerial duties of clerks of all courts is limited to the active files and records of the court; and it is specially provided that each clerk of the Circuit Court may store the inactive records of his court in a place of safekeeping designated by the chief judge. § 51-52. Thus, it would appear that, with regard to the judgment records of the former minor courts, the clerks of the Circuit Court exercise the duty of custody and safekeeping; they are not successors in office to the clerks of said courts and are not enabled to amplify or complete any record of such courts in their custody. They may certify only to the authenticity of documents in their custody, without verbal alteration, as records of the Circuit Court kept under the provisions of §§ 51-52 and 51-273. The judgment file offered in this case in proof of a prior conviction was not a certified copy of the entire and literal terms of the original. *Russo* v. *Metropolitan Life Ins. Co.,* 125 Conn. 132, 138. It should not have been admitted, and the ruling of the court was in error.

The prosecution next offered the original file of the Town Court of West Hartford through the then clerk of said court, who identified his signature on the fourth page and back of the file, attesting that "the within and foregoing is the original files and record in said case." Above the signature was the title of the case, "State vs. Norman Ernest Couture," the date, the file number, the "charge for operating a motor vehicle," "Oper. under Infl. – 14-227," the circled plea of guilty and finding of guilty, the order to pay a fine of $105, and the notation "pd. 10-5-59 105.00 check." The former clerk of said court testified that he prepared the judg-

ment, that the notations were in his handwriting and that the fine had been paid. This document was admitted as a full exhibit (exhibit D) and no error is assigned because of its admission. The question before us is whether the admitted document meets the test laid down by the Supreme Court of Errors as to proof of a judgment.

In the case of *Banach* v. *Bohinski,* 107 Conn. 156, it was held error to admit in evidence, in order to prove conviction of a crime, an alleged record consisting of apparently original complaints and warrants containing no record of the disposition of the cases except unsigned, informal and fragmentary notes or memoranda written on the face of the file. The court there said (p. 158): "While in the case of city and police courts, as well as justices of the peace, in view of the nature of their duties and the circumstances under which they are discharged, some informalities in nonessential details of their records may well be overlooked, yet, in order to be admissible in evidence, a record must contain the necessary ingredients, at least informally. *O'Connell* v. *Hotchkiss Co.,* 44 Conn. 51. It also must be authenticated by the signature of the judge or the clerk, as the case may be. A mere unsigned memorandum, such as was here offered, does not constitute an admissible record, and its defects could not be obviated by the testimony of the clerk. *Waterbury Lumber & Coal Co.* v. *Hinckley,* 75 Conn. 187 . . . ; *Brown* v. *Cray,* 88 Conn. 141 . . . ; *Davidson* v. *Murphy,* 13 Conn. 213." See also *State* v. *Leopold,* 110 Conn. 55, 68; 2 Wharton, Criminal Evidence (12th Ed.), p. 487.

An examination of the fourth page of exhibit D shows an authenticated record of the proceedings taken in that case and the disposition made. It names the defendant to be charged, specifies the

charge, states the plea and finding of the court, the order to pay a fine and its payment, and the date of the sentence, and is signed by the clerk. The authentication also includes the complaint, showing the court and place where disposition of the case was made. These were the essential ingredients of a valid judgment record. *Buckley* v. *Spirt,* 108 Conn. 733, 734. The conclusion of the court that the state had proved a prior conviction under the second part of the information was correct. It was not necessary to prove, as the court found that the state did prove, that the judgment had been executed. *State* v. *Lenihan,* 151 Conn. 552, 555; *State* v. *Findling,* 123 Minn. 413. The fact that the offense charged in the prior conviction did not specify whether the defendant had been operating under the influence of intoxicating liquor or of a drug did not make the record of that conviction inadmissible to prove a prior conviction under § 14-227. It was the former conviction under the statute and not the conviction of a specific act under the statute which enhanced the penalty on the subsequent conviction. *State* v. *Miglin,* 101 Conn. 8, 10.

The prior conviction having been proved, it then became necessary for the prosecution to establish beyond a reasonable doubt that the defendant in the present case was the person who was named in the record of the previous conviction. That the question was not specifically raised in the trial court is of no consequence; it need not have been, for it concerned an essential element of proof in affirmatively establishing the defendant's guilt under the second part of the information. The precise question presented to us for consideration, a question which has not been ruled on in this state,[1] is whether

[1] All of the cases decided by the Supreme Court of Errors involving increased penalty upon proof of previous conviction are in connection with the habitual criminal statutes, General Statutes §§ 54-118,

identity of person is sufficiently established prima facie through identity of names, as contended by the state, or whether there must be evidence aliunde the record of conviction before a presumption of identity arises which calls for refutation, as claimed by the defendant. The defendant did not admit identity, nor did he testify, nor was any evidence offered in his behalf. The only evidence offered by the state was negative. It consisted of the following question and answer of the court stenographer who was present at the alleged previous conviction: "Q.—Mrs. Fay, do you personally have recognition of the accused? A.—I am sorry, I do not."

There is a division of authority on the sufficiency of proof that is required to establish identity. One line of authorities appears to hold that identity of name, in the absence of rebutting testimony, is prima facie evidence of identity of person and supports a finding of such identity. Note, 11 A.L.R.2d 870, 884 § 7, 886 § 8, and cases cited. There is an impressive array of cases to the contrary, holding that the identity of the accused and the person named in the record of the previous conviction must be established by affirmative evidence, usually outside the record of conviction, mere proof of identity of names not being considered sufficient. Id., 887 § 9, 890 § 10, and cases cited; see also notes, 132 A.L.R. 91, 110 § 3; 85 A.L.R. 1104-1113; 82 A.L.R. 345, 372 § 3; 58 A.L.R. 20, 84 § 3. In 1 Underhill, Criminal Evidence (5th Ed.) § 223, are collected numerous cases expressive of the various rules concerning the sufficiency of proof of the identity of the accused with the person previously convicted, and we believe the sounder rule to be as stated therein (p. 529): "Identification beyond a

54-121, requiring proof of incarceration in addition to evidence of previous conviction and identity. Cf. *State* v. *Lenihan,* 151 Conn. 552, and cases cited in the annotations to the statutes referred to.

reasonable doubt of the person accused with the person previously convicted cannot be sustained by mere similarity of names nor by an indefinite admission, and the prosecution should establish the fact by affirmative evidence." Thus, it has been held that there is no presumption of identity of person arising from identity of names and that the presumption of innocence could only be removed by evidence aliunde the judgment, convincing the jury beyond a reasonable doubt that the person on trial was the person against whom the previous conviction stood; *State* v. *Nelson,* 130 Mont. 466; and that identity of name is not always sufficient but may be accepted as sufficient if it is fortified by circumstances to the extent that identity of person is proved beyond a reasonable doubt. *People* v. *Reese,* 258 N.Y. 89; see also *State* v. *Lawson,* 125 W. Va. 1; *Commonwealth* v. *Falgiatore,* 165 Pa. Super. 235. We cite but a few of the authorities that regard the mere identity of name as insufficient evidence from which an inference of identity of person may be drawn.

In *State* v. *Post,* 251 Iowa 345, 349, where the defendant was convicted of operating a motor vehicle while intoxicated and was found guilty as a third offender, there being no question raised as to the conviction on the principal charge, and the defendant did not testify, it was held that evidence of a police officer identifying the accused as a prior offender was sufficient to prove identity. The court pointed out (p. 349): "Some courts, including ours, hold identity of names is not sufficient and there must be other evidence of identity of the accused and the person of the same name who was previously convicted."

It is our opinion that mere proof of identity of names is insufficient to establish prima facie the fact of identity of person, thus shifting to the de-

fendant the burden of refutation. From this it should not be implied that finger-pointing testimony is required, asserting visual recognition of the accused. The needed additional evidence, in this case, could have been obtained through descriptive and identifying data, such as date of birth, residence, physical characteristics, and the like, readily available through records of the motor vehicle and police departments.[2] No effort was made to produce such evidence.

In his assignment of errors, the defendant claims that the court erred in concluding that upon all the evidence the defendant was guilty of the "crime" charged beyond a reasonable doubt. Necessarily this refers only to the charge of prior conviction in the second part of the information. We find no evidence or admission from which it can be concluded, with the requisite degree of certainty, that the defendant is the same as the person named in the record of the previous conviction, exhibit D.

There is error, the judgment is set aside and the case is remanded with direction that a finding of not guilty be entered on the second part of the information and that the defendant be resentenced.

In this opinion DEARINGTON and LEVINE, Js., concurred.

---

[2] Certified copies of documents or records of the commissioner of motor vehicles are competent evidence of the facts contained therein; General Statutes § 14-3; and records of a police department, if qualified under § 52-180, are admissible as business entries. With reference to the applicability of the business entry rule in criminal cases, see State v. Masse, 24 Conn. Sup. 45, 53–56. A driver's history from the motor vehicles commissioner is not competent to prove a prior conviction; this can be established only by a proper record of the judgment of the court in which the conviction occurred. State v. Couture, 151 Conn. 213, 220. However, such history or any other evidence tending to prove identity is admissible for that purpose. Identity of person may be established by any relevant evidence not otherwise incompetent, and, except as to degree, the proof is the same in civil and criminal cases.