STATE OF CONNECTICUT *v.* DONALD D. VUILLEUMIER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 16-2022

Argued December 14, 1964—decided March 23, 1965

*John F. Kearns, Jr.,* of West Hartford, for the appellant (defendant).

*Richard P. Heffernan,* prosecuting attorney, for the appellee (state).

PRUYN, J. The basic issues on the defendant's appeal from his conviction of breach of the peace; General Statutes § 53-174; and procuring liquor by false statements; § 30-89; are whether the court erred in admitting certain testimony concerning confessions of the defendant, the defendant claiming that at the time the testimony was admitted there was insufficient extrinsic evidence of the corpus delicti, and whether the court erred in concluding upon all the evidence that the defendant was guilty of both crimes charged beyond a reasonable doubt.

On November 15, 1963, the defendant, a minor, picked up one Gaffey at his home and drove him to the defendant's home; they then left the defendant's home and drove to the Whitehouse Package Store on Newington Avenue in West Hartford. The defendant left the car and went into the package store; he had no bag or package with him, and after two or three minutes he returned with a bag or package. They then returned to the defendant's home. The defendant went upstairs; Gaffey went downstairs to turn on the television. Later, the defendant came

downstairs and they both drank whiskey from a bottle of Four Roses whiskey which the defendant brought downstairs. When the foregoing facts, as found by the court, had been testified to, the state offered the testimony of Detective Reynolds, which was admitted over the defendant's objection and exception, concerning a conversation with the defendant wherein he admitted that he had purchased a bottle of Four Roses whiskey at the Whitehouse Package Store.

In the recent case of *State* v. *Tillman,* 152 Conn. 15, the Supreme Court of Errors has redefined the term "corpus delicti." No longer does it mean that the crime charged was committed by someone. Under the new definition "the corpus delicti consists of the occurrence of the specific kind of loss or injury embraced in the crime charged." Id., 20. The court points out that in a homicide case it is the fact of death, whether or not feloniously caused, of the person whom the accused is charged with having killed which is the corpus delicti. In the case before us the crime charged is specified in § 30-89, which provides as follows: "Any person to whom the sale of alcoholic liquor is by law forbidden who purchases or attempts to purchase such liquor or who makes any false statement for the purpose of procuring such liquor . . . shall be fined . . . ." We note that the information charged the defendant with "Procuring liquor by false statements," not with purchasing or attempting to purchase liquor or making any false statement for the purpose of procuring liquor. These are the three crimes specified in § 30-89. While the title of the section refers to procuring liquor by false statements, the defendant should have been charged in accordance with the text and not the title of the section. No point has been made as to this deficiency, and the defendant was tried on the charge of procuring liquor by false

statements. The Supreme Court of Errors has recently condemned such improper methods of charging offenses. *State* v. *Couture,* 151 Conn. 213, 216.

Under the doctrine of the *Tillman* case, the corpus delicti would consist of the making of any false statement to procure liquor, there being no charge of purchase or attempt to purchase. Under this definition, we conclude that the court erred in admitting the testimony of Detective Reynolds concerning the admission by the defendant of his purchase of the liquor. For the purpose of this opinion, we are treating the defendant's oral admission as a confession, since it covers most of the essential facts of the crime. *Opper* v. *United States,* 348 U.S. 84, 90; see also *State* v. *Tillman,* supra, 16 n. For a confession to be admissible, there must be material and substantial corroborative evidence, direct or circumstantial, of the corpus delicti. *State* v. *Tillman,* supra, 20. In the instant case, the only independent evidence is the testimony of Gaffey that the defendant entered the package store with no package and left it with a package and thereafter he and the defendant drank whiskey from a bottle which the latter had brought downstairs in his home. There is not one scintilla of evidence of any false statement made by the defendant to procure liquor, nor is there any evidence whatsoever as to the contents of the package or as to any connection between the package and the bottle which the defendant brought downstairs, nor can any reasonable inferences be drawn that the package contained liquor, or that it had contained the bottle from which the defendant had drunk whiskey, or that the defendant made any false statement.

As to the charge of breach of the peace, bullet holes were discovered in a storm window, the regular window, and a shade on the east side of the sun

porch of the house adjoining the defendant's home and also a bullet hole in the regular window and storm window on the west side of the porch. There were five or six exit holes in the shingles on the second floor of the defendant's home. The angle at which the bullet entered the adjoining home showed that it had come from one of the holes in the defendant's home. At this point the state, through Detective Reynolds, offered in evidence a written statement as well as an oral admission of the defendant that when he went upstairs and before he had drunk any whiskey he had gone into the attic adjoining his bedroom and had fired five or six shots into a beam in the ceiling to see if his new rifle was working. The testimony and statement were admitted into evidence over the defendant's objection and exception.

The state has proceeded under the portion of § 53-174, the breach of the peace statute, which makes it an offense for any person to disturb or break the peace "by tumultuous and offensive carriage, noise or behavior." The corpus delicti is, under the doctrine of the *Tillman* case, tumultuous or offensive conduct. There is not a scintilla of evidence of any noise of firing of the gun, of the time when the gun was fired, of the time when the holes in the adjoining house were first noticed or whether the gun which the state produced for identification was the gun which made the holes. We cannot find any material independent evidence of the corpus delicti.

Apart from the defendant's confessions, there was insufficient evidence to justify a finding of guilty on either charge.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KINMONTH and LEVINE, Js., concurred.